[No. 9592.    Department One.—June 10, 1887.]

LOREN COBURN, RESPONDENT, *v.* CHARLES GOODALL ET AL., APPELLANTS.

LANDLORD AND TENANT — LEASE — ASSIGNMENT — COVENANTS RUNNING WITH LAND — COVENANTS TO REPAIR AND SURRENDER. — Assignees of undivided and unequal interests in a lease, while holding as tenants in common, are jointly and severally liable on covenants in the lease to repair and to deliver up the demised premises at the end of the term. Such covenants are connected with the estate and run with the land,

and vest in point of benefit and liability in the assignees, while the personal privity of contract between the lessor and the lessee remains unaffected by the transfer.

ID. — EJECTMENT AGAINST ASSIGNEE — WAIVER OF CLAIM FOR DAMAGES — SUBSEQUENT ACTION FOR BREACH OF COVENANT — ESTOPPEL. — An action of ejectment, brought by a lessor against an assignee of the lessee to recover possession of the demised premises, after the expiration of the term, does not operate to estop the lessor from maintaining a subsequent action against the assignee to recover damages for a breach of a covenant in the lease to surrender the possession at the expiration of the term, when all claim for damages, by reason of the unlawful withholding, is expressly waived in the prior action.

ID. — SURRENDER BY ASSIGNEE — FAILURE OF LESSOR TO OBTAIN POSSESSION. — A written surrender of a lease, executed by an assignee of the lessee to the lessor, does not operate to dissolve the relation of landlord and tenant existing between them, if the lessor fails to obtain possession of the demised premises under the surrender, and such failure is due, in any degree, to the act or neglect of the assignee.

ID. — MEASURE OF DAMAGES — INTEREST — UNLIQUIDATED DAMAGES. — In an action by a lessor to recover damages for the breach of a covenant in the lease to surrender the demised premises at the expiration of the term, the plaintiff is not entitled, under section 3287 of the Civil Code, to recover interest on the damages awarded him for the unlawful withholding, because such damages are unliquidated and uncertain, and can only be made certain by proof and adjudication.

ID. — OPPRESSIVE WITHHOLDING — INTEREST NOT RECOVERABLE ON ACCOUNT OF. — In such an action, the plaintiff is not entitled, under section 3288 of the Civil Code, to recover interest on the damages awarded on the ground that the withholding was oppressive, because such interest is only recoverable in cases not arising from contract.

ID. — POSSESSION — DAMAGES CAUSED BY WITHHOLDING — EVIDENCE. — On a review of the evidence, *held*, that the finding that the defendants continued in possession of the demised premises from the expiration of the lease until the commencement of the action was sustained, and that the evidence tending to show the amount of the damages caused by the withholding was properly admitted.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to recover damages for the breach of a covenant in a lease, whereby the lessee covenanted to surrender the demised premises, with the improvements thereon, at the expiration of the term. The lease was executed on the 1st of January, 1863, by Loren

Coburn, the plaintiff herein, and Jeremiah Clark, as lessors, to James Brennan, for the term of ten years from the 1st of October, 1862, and embraced forty acres of land in San Mateo County, including a tract of about five acres, known as Pigeon Point. The wharf and chute mentioned in the opinion were erected on this point, partly above and partly below the line of high-water mark, some time between the 21st of April, 1871, and October, 1871. Under this lease the lessee went into possession of the forty-acre tract. On or about the 2d of November, the lessee sold and assigned an undivided half of the lease to the defendant Robert Sudden, and afterwards, during the unexpired term, Sudden sold one undivided fourth part of the lease to the defendant George Fake. On or about the 2d of November, 1867, Brennan sold and assigned the remaining undivided half of the lease to the defendant John O'Farrell, and afterwards, and during the unexpired term, O'Farrell sold and assigned one undivided eighth part of the lease to the defendant Charles Goodall, and one undivided eighth part to the defendant F. S. Wensinger, and one undivided one eighth part to the defendant Christopher Nelson. Pending the action, the defendant O'Farrell died, and no revival has been had against his personal representatives. At the trial, the action was dismissed as to the defendant Fake, and a nonsuit granted as to the defendant Perkins. Judgment was rendered only against the defendants Sudden, Goodall, Nelson, and Wensinger. After the various assignments heretofore mentioned, the defendants entered upon the demised premises, and continued in the possession thereof until the expiration of the lease, when, upon a demand made by the lessors, they refused to surrender the possession of the five acres known as Pigeon Point. The court found that the value of the use of these five acres, from the termination of the lease to the commencement of the action, was ten thousand dollars, and that this sum

was the damage sustained by the lessors by reason of the breach of the covenant to surrender. The court further found that the plaintiff was entitled to recover interest on this amount from the time of the commencement of the action, because of the defendants' oppressively withholding the possession of the demised premises from the expiration of the term. Prior to the commencement of the action, Clark, one of the lessors, assigned to the plaintiff all his claim and demand against the defendants by reason of the unlawful withholding. The further facts are stated in the opinion of the court.

*McAllister & Bergin*, and *Fox & Kellogg*, for Appellants.

The defendants against whom judgment was rendered, if liable on the covenants to surrender at the expiration of the term, were only liable to the lessors in respect of their privity of estate, and such liability was several and proportionate to the interest in the lease acquired by each one of them. (*Stevenson* v. *Lombard*, 2 East, 575; Platt on Covenants, 486, 493, 494; *Norton* v. *Vultee*, 1 Hall, 390; *Van Rensselaer* v. *Jones*, 2 Barb. 653; *Babcock* v. *Scoville*, 56 Ill. 461; *Fulton* v. *Stuart*, 2 Ohio, 216; Taylor on Landlord and Tenant, secs. 307, 443; Wood on Landlord and Tenant, sec. 341.) The covenant to surrender only had application to such things as were *in esse*, and then are the demised premises. (*Spencer's Case*, 1 Smith's Lead. Cas. 115; *Dougherty* v. *Bowman*, 11 Ad. & E. 444; *Tallman* v. *Coffin*, 4 N. Y. 134; *Norman* v. *Wills*, 17 Wend. 152; Wood's Landlord and Tenant, sec. 334.) The plaintiff, having in the action of ejectment against Ames et al. elected to treat the defendants as trespassers, cannot now maintain an action for breach of covenant under the lease. (*Willison* v. *Watkins*, 3 Pet. 47; *Zeller's Lessee* v. *Eckert*, 4 How. 295; *Merryman* v. *Bourne*, 9 Wall. 601.) The plaintiff was not entitled to recover interest on the damages awarded. (*McTavish* v. *Carroll*, 13 Md. 439; *Dickinson* v. *Boyle*, 17 Pick. 79; S. C., 28 Am. Dec. 281; *Brady* v. *Wilcoxson*, 44 Cal. 245.)

*Garber, Thornton & Bishop,* and *Craig & Meredith,* for Respondent.

Assignees of leases, while they hold as tenants in common, are jointly and severally liable on covenants to surrender at the expiration of the term. (*Morgan* v. *Hardy,* L. R. 17 Q. B. 770; *Orme* v. *Wills,* L. R. 2 Ir. App. 2; *Gratton* v. *Wall,* 2 I. R. C. L. 485; 2 Wm. Saund. 182; *Bailiff* v. *Martin,* Cro. Jac. 411; *Hayes* v. *Morrison,* 38 N. H. 95.) The action of ejectment was not an election working an estoppel against the present action. (Woodfall on Landlord and Tenant, 712; *McKem* v. *Whitney,* 3 Denio, 452; *Henderson* v. *Squire,* L. R. 4 Q. B. 171.) Interest was properly allowed on the damages awarded. (*Cumberland* v. *Schell,* 29 Pa. St. 36; *Dana* v. *Fiedler,* 12 N. Y. 40; S. C., 62 Am. Dec. 130; *Mix* v. *Miller,* 57 Cal. 356; Civ. Code, sec. 3288; *Mailler* v. *Express etc. Line,* 61 N. Y. 316; *Worrall* v. *Munn,* 38 N. Y. 138; *City* v. *Campbell,* 107 Pa. St. 535; *Mercer* v. *Vose,* 67 N. Y. 58; *McCollum* v. *Seward,* 62 N. Y. 318; *Duryee* v. *Mayor,* 96 N. Y. 499.)

PATERSON, J. — It was decided in *Coburn* v. *Ames,* 52 Cal. 395, that the wharf and chute were not on the demised premises, were not affixed or appurtenant thereto, and therefore were not "improvements" within the meaning of that term as used in the lease. The court held that the plaintiff had no such right to the possession of the land below the line of high water as to enable him to maintain ejectment, and the judgment of the lower court was modified accordingly. Pending the appeal in that case, a receiver was appointed in the trial court to take possession of the property, collect tolls, and manage the wharf and chute. After judgment was modified in accordance with the order of this court, the receiver, under directions from the court in which he was appointed, paid over all the money in his hands to the plaintiff. The defendants, among whom were Goodall and Nelson, defendants herein, again appealed to this

court, and it was held that as the plaintiff was not enti-
tled to the possession of the wharf and chute, he was not
entitled to all of the profits derived from the use of them
pending the litigation.   The cause was accordingly again
remanded for the adjustment of the accounts.   (*Coburn
v. Ames,* 57 Cal. 204.)

This action was commenced on November 25, 1875.
The lease which is made the basis of this suit contained
a covenant that Brennan, the lessee, at the expiration of
said lease, would surrender to Coburn and Clark (the
lessors or their assigns), with such improvements as shall
have been erected or made thereon, but there was noth-
ing in the covenant providing in terms that the lease
should be binding upon the assigns of the lessees.

The defendants are all assignees of undivided parts
amounting to five eighths of the whole interest in the
lease, viz.: Sudden one fourth, Goodall one eighth, Nel-
son one eighth, and Wensinger one eighth.

The action as to defendant Fake, who owned one quar-
ter, was dismissed.   The other defendant, O'Farrell, who
owned one eighth, died pending the action, and his re-
presentative has never been substituted.   Judgment was
rendered against the defendants Sudden, Goodall, Nel-
son, and Wensinger for $10,000, with interest thereon
from commencement of suit,— $6,520,— total $16,520,—
and costs of suit.

It is claimed that these four defendants, if liable at all
under the covenant to surrender (which is denied), are
liable only in respect of their privity of estate, and that
such liability is several and proportionate to the interest
acquired by each of them.   To this proposition we can-
not assent.   There are some authorities to that effect,
but the weight of opinion, we believe, is contrary
thereto, and with better reason it is held that while
assignees of a lease hold as tenants in common, they
are jointly and severally liable on covenants to repair
and to deliver up at the end of the term.   These cove-

nants, which are connected with the estate, run with the land, and vest in point of benefit and liability in the assignee, while the personal privity of contract between the lessor and lessee remains unaffected by the transfer. (1 Washburn on Real Property, 435, 329; 2 Platt on Leases, 351; Taylor on Landlord and Tenant, 7th ed., sec. 530, note; *Hayes* v. *Morrison*, 38 N. H. 95; *Fitch* v. *Johnson*, 104 Ill. 117.)

The authorities cited which relate to questions concerning the apportionment of rent are not applicable, as payment of rent is an exception to the rule. (Freeman on Cotenancy, sec. 346.)

The demurrer was properly overruled, if our view of the liability of tenants in common, assignees of the whole of the demised premises, though in unequal proportions, is correct, i. e., that they are jointly and severally liable on all covenants and obligations of the assignors, except perhaps the payment of rent. The possession of one of the tenants is the possession of all. There is no unity of interest, title, or time as in joint tenancy, but as to unity of possession they are identical. So far as enjoyment of possession goes, they are all equal, whatever may be the difference in shares held by each. If they are not jointly and severally liable, one tenant in common owning a small undivided interest might prevent the delivery of the property in its entirety, which the lessor is entitled to under his contract, with or without an express covenant therefor. We see no hardship in this rule, for the assignees in possession, upon authority and in reason, stand in the shoes of the lessee; and so long as they occupy such relation to the lessor and his property, they are bound by the terms of the contract with the lessee and the obligations implied therefrom by law. While one of the tenants in common remains, the unity of possession is undivided, and as to those at least who continue in possession by themselves or by agents the unity of obligation flows from unity of possession.

There is nothing in the judgment which will prevent the four defendants against whom it was entered from enforcing contribution from Fake and the representatives of O'Farrell, if the right to contribute exist.

The evidence is sufficient, we think, to sustain the finding that the defendants continued in possession of the five-acre tract from the expiration of the lease to the time this action was commenced. This tract or parcel, as described by the court in its findings, is "commonly known as Pigeon Point shipping point, and used for the purpose of handling and shipping freight, and lying above and bounded on one side by ordinary high-water mark." As between these defendants and this plaintiff the grant of the wharf franchise by the board of supervisors to Templeton and Moore in 1870 is immaterial. It was the duty of the defendants to deliver to plaintiff the possession of the five-acre tract. We think there was evidence sufficient to warrant the court below in finding that Ames did not deprive the defendants of possession. There was evidence tending to show that defendants were using the name of Ames as a disguise for their own possession. Furthermore, there seems to be no longer any doubt that orders like that of the district judge made in the case referred to September 27, 1872, putting plaintiffs in the possession of the land during the pendency of the action for condemnation, are void. (*Sanborn* v. *Belden*, 51 Cal. 266; *San Mateo Water Works* v. *Sharpstein*, 50 Cal. 284.) With respect to the possession which it is claimed Coburn secured by virtue of the writs of restitution served in the case of *Templeton and Ames* v. *Coburn and Clark*, it is sufficient to say that the evidence is conflicting as to the *fact of possession*. The return of the officer upon the writ was only *prima facie* evidence of the fact stated. (Pol. Code, sec. 4178.) Plaintiff testified that he had no actual possession; that the moment the sheriff left "they just jumped right in and took possession again."

It is claimed by appellant that the ejectment suit of Loren Coburn, as plaintiff, *v.* Josiah P. Ames, Ellen Templeton, administratrix of the estate of Horace Templeton, Charles Goodall, Christopher Nelson, and George C. Perkins, defendants, commenced on the sixteenth day of January, 1885, and the findings and judgment therein, establishes an election by Coburn to treat Goodall and Nelson as trespassers, dissolves all their relations with him as assignees of said lease, and adjudicates facts which are inconsistent with the claim of plaintiff in this action. In that case all claim for damages, the findings therein show, was expressly withdrawn by plaintiff. If this had not been done, there is no question that the judgment would be conclusive on the question of damages, as it was made an issue in the case. "An adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have litigated; and have had decided as incident to or essentially connected with the subject-matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and of defense." (Freeman on Judgments, sec. 249.) When, however, the record on its face shows that the issue was withdrawn from the consideration of the court, the presumption that it was adjudicated no longer applies. The right to recover possession, and the right to recover mesne profits were not necessarily united in the action in ejectment. The right to join causes of action for both is a mere privilege granted by statute.

That the record in that case is not an estoppel as to the time of ouster is equally clear (*Yount* v. *Howell*, 14 Cal. 465); for if the question of mesne profits may be considered out of the case by virtue of the finding of a withdrawal thereof, then there were but two other questions which could have been material in that action of ejectment, viz., right of entry by plaintiff, and wrong-

ful possession of defendant, on the day suit was commenced.

Appellant claims further that the bringing of the suit in ejectment was an election of a remedy inconsistent with this action, and concludes him from maintaining the latter. The rule stated in the *syllabus*, taken from *Jones* v. *Carter*, 15 Mees. & W. 718, is doubtless correct: " The service by lessor upon lessee of a declaration in ejectment for the demised premises, for a forfeiture, operates as a final election by the lessor to determine the term; and he cannot afterward (although there has not been any judgment in the ejectment) sue for rent due, or covenants broken, after the service of the declaration." That was an action of covenant in a mining lease, in which breaches were alleged, the first for nonpayment of rent, and others for violation of covenants requiring defendants, during the continuance of the demise, to keep six men searching for mineral for certain periods in each year, for keeping legible accounts of ore extracted, etc.; but the principal question related to rent. The case before us, however, is not for rent, or for damages caused by a breach of covenant subsequent to the commencement of the ejectment suit. The plaintiff's right to recover both possession and damages arose immediately upon the failure of the defendants to deliver at the expiration of the lease, and in both actions the defendants are treated as wrongfully in possession, and charged wiih a continuous wrongful withholding from the time the covenant was broken down to the commencement of the action.

There was evidence to support the finding of the court that Wensinger and Sudden continued in possession of the tract from the expiration of the lease to the commencement of the action. It is not for the appellate court to say that the court below ought to have believed certain witnesses rather than the one on whose testimony the finding is based. There are circumstances

tending to corroborate plaintiff's testimony and claim that Scotty held possession for and as agent of Wensinger and Sudden. Coburn failed to obtain possession under the written surrender executed by Sudden to him, and of course, if such failure was due in any degree to the act or neglect of Sudden, it was inoperative. (*Kower* v. *Gluck*, 33 Cal. 406.)

It is claimed that the court erred in allowing, against the objection of defendants, evidence as to profits derived from the wharf and chute; that such was improper *data* for the assessment of damages, and it will be presumed that injury resulted from the admission of such evidence. The court evidently did not hold that the defendants were bound to deliver the wharf, nor was the amount of profits derived from the wharf and chute taken as the measure of damage, otherwise a much larger sum would have been fixed by the court as the damage suffered by plaintiff. In determining the amount of damage sustained by plaintiff, we think that the question of profits derived from the wharf was a proper subject of inquiry, providing it was not taken as the measure of damage.

If it be true that the defendants were wrong-doers in refusing to deliver possession to plaintiff, the question is, How much was Coburn damaged by the failure of the defendants to do what it was their duty to do? If it be assumed that those profits would necessarily have been less, if they had delivered to him the portion above high water, retaining the part below themselves, it was easy to arrive at and deduct the difference. All he had to do was to complete it, and the cost of completion was capable of demonstration. He was not allowed to recover as such the profits of the whole property. But in this, as in similar cases, it was proper and necessary to put the court in possession of all pertinent facts and circumstances from the consideration of all of which the

ultimate fact of the *quantum* of damage was to be deduced.

The court below allowed damages for the detention only of that part of the demised premises which it found was actually and exclusively detained, used, and possessed by the defendants from the expiration of the lease, October 1, 1872, to the commencement of this action, November 24, 1875; and whether we take into consideration the results flowing from the acts of defendants under the doctrine of encroachment contended for by plaintiff or not, ten thousand dollars, the principal amount of damages allowed, is reasonable and just.

We think, however, that the court erred in allowing interest on the ten thousand dollars. Section 3287, Civil Code, reads as follows: " Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt." But the damages were unliquidated and uncertain, and could only be made certain by proof and adjudication.

Where the plaintiff's claim was an uncertain and unliquidated demand, and the amount due could not be ascertained from the face of the contract, but was to be settled by process of law, this court has held that interest *eo nomine* cannot be allowed. (*Brady* v. *Wilcoxson,* 44 Cal. 245.) Nor could interest be allowed under section 3288, Civil Code, for interest under this section can only be allowed for the breach of an obligation *not arising from contract,* and then only in case of oppression, fraud, or malice. If plaintiff shows any case at all, it is for breach of an obligation which *does arise from contract,* and the court so finds.

It is therefore ordered that the judgment be and it is

hereby modified by striking therefrom the sum of $6,520, and as so modified the judgment shall stand.

TEMPLE, J., and McKINSTRY, J., concurred.

Hearing in Bank denied.