[No. 13094.　Department One. — June 27, 1891.]

## J. C. HEALD, Respondent, v. JOSHUA HENDY, Appellant.

OSTENSIBLE AGENCY — SUPERINTENDENTS OF MINE — LIABILITY OF MINE-OWNER — PROVISIONS FOR BOARDING-HOUSE. — The owner of a mine is liable for the price of necessary provisions furnished to a boarding-house keeper with whom the miners boarded, by order of the superintendent of the mine, upon the ground of ostensible agency, if it appears that the superintendent was in the habit of purchasing provisions from various parties for the use of the boarding-house, which were paid for by the owner of the mine, with the knowledge of the plaintiff, and that the order for necessary provisions was given to the plaintiff by the superintendent, under a promise that the owner of the mine would pay for them.

ID. — AUTHORITY OF MINING SUPERINTENDENT — NECESSARY PROVISIONS. — A mine superintendent, by virtue of his position, has the power to bind the mine-owners for the price of necessary provisions furnished to the keeper of a boarding-house where the miners board, where it is necessary that the provisions should be furnished the boarding-house in order that the mine may continue in operation; but the authority is limited to the supply of necessary provisions.

INTEREST — OPEN ACCOUNT — GOODS SOLD AND DELIVERED — CONSTRUCTION OF CODE. — Section 3287 of the Civil Code has no application to an action to recover the price of goods sold and delivered upon an open account, and the plaintiff in such an action is not entitled to recover interest upon the items of the account from the time they became due.

ID. — UNASCERTAINED BALANCE — ERRONEOUS ALLOWANCE OF INTEREST — APPEAL — MODIFICATION OF JUDGMENT. — Under section 1917 of the Civil Code, providing that interest may be recovered on "moneys lent or due on any settlement of accounts, from the day on which the balance is ascertained," a judgment for interest on an account sued upon, where the account was never settled or a balance ascertained, is erroneous, and the judgment will be modified upon appeal, by striking therefrom the amount of interest found due.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. H. H. Hart*, and *Aylett R. Cotton*, for Appellant.

The alleged cause of action pleaded in the first count is on an account for goods, wares, merchandise, and wood

furnished, sold, and delivered to the defendant by the plaintiff, and is not for any balance ascertained on settlement of accounts; and it is not alleged therein that there ever was any settlement of accounts, or any balance ascertained on settlement of accounts, between the parties to this suit, and therefore the plaintiff was not entitled to interest upon the demand sued on in the first count. (Civ. Code, sec. 1917; *Bank of California* v. *Northam*, 51 Cal. 387; *Brady* v. *Wilcoxson*, 44 Cal. 245; *Coburn* v. *Goodall*, 72 Cal. 509.)

*George G. Blanchard, Irwin & Irwin, A. C. Adams*, and *Philip Teare*, for Respondent.

As respondent's bills of accounts were presented monthly, at the office at the mine, to appellant's accredited agents, for running appellant's mill and working his mine, and controlling the business generally, without any objection being made that they were incorrect, the amounts called for by them were "capable of being made certain by calculation," simply; and they were entitled to bear legal interest from such dates. (Civ. Code, sec. 3287; *Mix* v. *Miller*, 57 Cal. 356.)

GAROUTTE, J. — This is an action to recover $2,370.48 on account of goods, wares, and merchandise sold and delivered by plaintiff to defendant, at his special instance and request, and also for money paid and expended for the use of defendant, in the sum of $827.47, on a balance of account.

Plaintiff asks judgment for the amounts, and interest upon the items of the account from the time they became due.

Defendant admits a certain amount of the indebtedness, and denies the balance.

At the trial, judgment went against him, and he appeals from the judgment, and the order denying his motion for a new trial.

The plaintiff is the owner of a store at Nashville, El Dorado County. Defendant resides at the city of San Francisco, and owns a mine near plaintiff's store. The goods, wares, and merchandise, upon account of which this action was brought, were furnished by plaintiff to one Stein-Kœnig, who kept a boarding-house at this mine for the purpose of boarding the men therein employed.

The evidence was quite contradictory in many respects, and in those particulars must be held to support the judgment.

Stein-Kœnig, it appears, had neither capital nor credit, and in order that he might continue in business, so that the miners would have a place to board, Templeton and George W. Hendy, the respective superintendents of the mine, told the plaintiff to furnish him all goods necessary for the use of the boarding-house, and the defendant would pay for the same.

As near as can be ascertained from the brief of the respondent's counsel, they rely upon an ostensible agency in these superintendents, and also upon a special authorization, direct from the defendant to the superintendents, to incur this indebtedness.

The evidence of Stein-Kœnig and Templeton tends quite strongly to indicate a special authority from defendant, and the evidence also seems to be amply sufficient to support a finding of ostensible agency.

"An agency is ostensible when the principal, intentionally or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." (Civ. Code, sec. 2300.)

The evidence shows beyond any doubt that the superintendents of the mine were purchasing meat, flour, milk, etc., from various parties for the use of the boarding-house, which articles were paid for by the defendant, and with the knowledge of plaintiff. From these facts it is safe to say that the defendant intentionally, or by

want of ordinary care, caused the plaintiff to believe that these mining superintendents were his agents in the purchase of these articles from plaintiff.

The record discloses the fact that it was absolutely necessary that provisions should be furnished this boarding-house in order that the mine might continue in operation; and it would seem that, aside from any express authority from the defendant to purchase these articles, and regardless of the question of ostensible agency, the respective superintendents of the mine, by virtue of their positions alone, had the power to bind the defendant for the payment of these goods. (*Jones* v. *Clark*, 42 Cal. 180; *Stuart* v. *Adams, ante,* p. 367.)

Viewing the case from any of the foregoing standpoints, we are unable to affirm the judgment to the extent of $81.74, that being the value of articles delivered, clearly not for the necessary use of the boarding-house.

The plaintiff is not entitled to interest under the first count of his complaint. Section 3287 of the Civil Code has no application to this character of actions.

Section 1917 of the Civil Code limits the recovery of interest to " moneys lent or due on any settlement of accounts from the day on which the balance is ascertained."

These accounts were never settled and a balance ascertained.

The statute of 1869–70, page 699, was similar to section 1917 of the Civil Code, and in a case analogous to this it was said: " The court below erred in rendering a judgment for interest on the account sued upon." (*Bank of California* v. *Northam,* 51 Cal. 387. See also *Brady* v. *Wilcoxson,* 44 Cal. 245.)

Let the cause be remanded, with direction to the trial court to modify the judgment by striking therefrom the sum of $81.74, and also the amount of interest computed upon the sum found due under the first count of

the plaintiff's complaint; the judgment, thus modified, to stand affirmed as of its date.

Paterson, J., and Harrison, J., concurred.