[No. 15839.  In Bank.—December 6, 1895.]

# D. E. EASTERBROOK, APPELLANT, *v.* DAVID FAR-QUHARSON, RESPONDENT.

LANDLORD AND TENANT—LEASE—APPRAISEMENT OF BUILDING—FAILURE OF APPRAISERS TO AGREE—APPLICATION TO COURT—CONTRACT FOR INTEREST.—Where a lease provided for the erection of a building by the lessee, and for payment by the lessor of two-thirds of the appraised value of the building at the expiration of the term, and that the amount of the appraisement should bear interest at the rate of two per cent per month, compounding monthly until paid, and should be a lien and encumbrance upon the premises, and there was a failure of an appraisement through no fault of the lessor, but by reason of the appraisers failing to agree upon the value or upon a third party to complete the appraisement, and the lessor subsequently applied to the court for an appraisement of the building, after the expiration of the term of lease, the lessor is not chargeable with the conventional rate of interest from the date of the expiration of the term, but is only chargeable with interest from the date of the determination of the suit for appraisement by the court.

ID.—CONSTRUCTION OF LEASE—LIABILITY OF LESSOR—TENDER.—The lease in such case should be construed as intended to prevent default on the part of the lessor, and to insure a prompt performance of the conditions of the lease; and where there was no default of the lessor, and he was unable to pay any appraised value at the expiration of the lease, or to make any tender thereof, he is not chargeable with the stipulated interest from the expiration of the lease to the entry of judgment in an action to secure a judicial appraisement.

ID.—INTEREST AS DAMAGES—COMPENSATION FOR WRONG—CERTAINTY—CONSTRUCTION OF CODE.—Interest cannot be allowed as damages, under the Civil Code, except as compensation for the unlawful act or omission of another, and in cases where the damages are certain or cap-

able of being made certain by calculation, and the right of recovery is vested upon a particular day.

ID.—SETTLEMENT OF ACCOUNT—ALLOWANCE OF INTEREST.—Where a plaintiff comes into court seeking a settlement of an account with the defendant, the sum allowed bears interest only from the day of its judicial ascertainment, under section 1917 of the Civil Code.

ID.—DELAY OF ACTION—FAILURE OF LESSEE.—Where the lessee failed to avail himself of the right to a speedy determination and payment, by appealing to the court for an appraisement, his failure to do so cannot be urged as a ground for an award of interest in an action which the lessor was finally compelled to bring against him, though such action was not instituted until six months after the expiration of the lease.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*Haven & Haven,* for Appellant.

The lease should be construed according to the intention of the parties. (Civ. Code, secs. 1636, 1638, 1647; *Reedy* v. *Smith,* 42 Cal. 245; *Walsh* v. *Hill,* 38 Cal. 487.) Interest can only be allowed as a compensation for the improper detention of money. (Civ. Code, secs. 1915, 1918, 3281; 2 Burrill's Law Dictionary, 91; *Burke* v. *Carruthers,* 31 Cal. 471.) The intention of the parties was to provide a penalty for default, and the language of the contract must govern, which only makes the amount of the appraisement bear the agreed interest. (Civ. Code, sec. 1638; *Saunders* v. *Clark,* 29 Cal. 305; *Woodward* v. *Payne,* 16 Cal. 449.) Interest cannot be allowed upon an unliquidated demand. (Civ. Code, secs. 1919, 3287; *Brady* v. *Wilcoxson,* 44 Cal. 239; *Cox* v. *McLaughlin,* 76 Cal. 67–72; 9 Am. St. Rep. 164; *Holliday* v. *Marshall,* 7 Johns. 211, 213.)

*J. F. Cowdery,* and *Robert Harrison,* for Respondent.

The agreement to pay two-thirds of the value at the expiration of the lease cannot be excused by failure of the appraisers to furnish an appraisement. (3 Am. & Eng. Ency. of Law, 900; Broom's Legal Maxims, 241, 242; *Klauber* v. *San Diego Street Car Co.,* 95 Cal. 353;

*Delaware etc. R. R. Co.* v. *Burson,* 61 Pa. St. 369–81.)
The difficulty of ascertaining the amount of a contract
debt does not excuse its nonpayment when due. (*North
Hudson Co. R. R. Co.* v. *Booraem,* 28 N. J. Eq. 450; *Reed*
v. *Hanover etc. R. R. Co.,* 105 Mass. 303–05; *Phillips* v.
*South Park Commrs.,* 119 Ill. 626–45; *Whitman* v. *Bos-
ton etc. R. R. Co.,* 7 Allen, 313–26; *Delaware etc. R. R.
Co.* v. *Burson, supra; United States* v. *Engeman,* 46 Fed.
Rep. 898.)   Interest should have been allowed from the
expiration of the term of the lease. (*Van Rensselaer* v.
*Jewett,* 2 N. Y. 135; 51 Am. Dec. 275; *Renwick* v. *Ren-
wick,* 1 Bradf. 238; *Selden* v. *James,* 6 Rand. 465, 469–
72; *Morris* v. *Cain,* 39 La. Ann. 712, 736; *Steenrod* v.
*Railroad Co.,* 27 W. Va. 14, 15.)

HENSHAW, J.—Plaintiff, as lessor, and one Apel, as
lessee (to whose rights defendant succeeded), entered
into a contract of lease which provided for the erection
of a building by the lessee upon the demised land, and
the payment by him of a stipulated ground rent.   It
further provided that the lessor, upon the last day of
the term, would pay to the lessee two-thirds of the ap-
praised value of the building, which value was to be
ascertained and determined as follows:

"Each party shall select a disinterested, practical
builder of good repute and standing, residing and doing
business in said city and county, and they two shall
select a real estate dealer in said city and county; the
three to appraise and determine such value.   Such selec-
tion shall be made ten (10) days before such term ex-
pires, and a majority of the three shall determine such
value.   Each party shall pay one-half ($\frac{1}{2}$) of the charges
of said persons so selected.   If two-thirds ($\frac{2}{3}$) of the
value so determined shall not be paid on said day (pro-
vided said building shall then be standing), the amount
of such appraisement shall draw and bear interest at the
rate of two (2) per cent per month, compounding monthly
until paid, and shall be a lien and encumbrance upon
said demised premises."

The building was erected by defendant, and, on the appointed day, each of the parties named an appraiser. These two failed to select the third, and failed to agree upon the value of the building. Time passed. The premises were duly surrendered to plaintiff, but no adjustment was had of the difficulty, though communications looking to this end passed between them. Finally, about six months after the date of the expiration of the lease, plaintiff went into court with a complaint setting up the facts, averring his readiness at all times to pay the defendant two-thirds of the cash value of the building, asserting the impracticability of the scheme of appraisement contemplated in the lease, and asking the court to determine the value of the building at the date of the termination of the lease, and to fix the amount due from him to defendant.

The defendant made answer generally admitting the allegations of the complaint, but denied the impracticability of the method of determining the value set forth in the lease, and averred that the sole impracticability came from the lack of qualifications of the appraiser selected by plaintiff. He claimed the building to be of the value of eighty thousand dollars.

The court in its findings did not fix responsibility for the failure to agree upon either the plaintiff or his appraiser. It determined that the value of the building at the expiration of the lease was forty-eight thousand dollars, two-thirds of which sum was decreed to be due defendant from plaintiff, with interest thereon at the rate of two per cent per month, compounding monthly, from the date of the expiration of the lease to the entry of judgment.

Plaintiff paid the principal amount found due by the judgment, and appeals from that portion charging him with interest.

The questions presented are: 1. Is plaintiff liable for conventional interest under the terms of the contract? 2. Is he liable for interest at the legal rate?

1. Other covenants of the lease provide for interest

at the rate of two per cent per month, compounding monthly, and a consideration of them may aid in the interpretation of the disputed clause.   If rent be unpaid when due the amount shall bear interest at the stipulated rate, compounding monthly.   If the lessor shall pay insurance premiums the amount so paid shall bear the conventional interest until paid, and a like provision is found as to payment by the lessor of taxes. In each of these cases the interest is a compensation for the detention of money as defined by section 1915 of the Civil Code, and it is something more.   The high rate exacted and the monthly compound are designed to prevent default and to insure a prompt performance of conditions, as well as to penalize the delinquent.   In each case the lessee can avoid the penalty by paying a known and fixed amount at a known and definite time.

By the covenant in dispute the lessor did not agree to pay to the lessee upon the last day of the term two-thirds of the then value if determined, and, if not determined, then the amount when found due to bear interest at the rate of two per cent a month, compounding monthly until paid, from the last day of the term, which in effect was the interpretation and decree of the court.   What he did agree to pay was two-thirds of the value determined in a specific way, and if, upon the last day of the term, he did not pay the sum " *so determined,*" as interest and penalty for his default, the amount was to bear the stipulated interest.

Every consideration points to this as the true interpretation of the contract.   First, the contract itself declares that it is the amount due under the appraisement which is to bear interest; thus contemplating a breach and default by the lessor before the interest begins to run.   Again, it is quite reasonable to suppose that one might be willing to lay himself liable to the penalty of so high a rate of interest if the liability for it arose only by his default.   But it is not easy to believe that he would agree to pay it unless the question of his liability could be determined by his own conduct.   But

under the construction claimed, without any default on his part, the lessor could neither prevent the interest from beginning to run, nor could he, within any reasonable time, check its accumulation.

Such are the actual circumstances of this case. It appears that the lessor did all that the contract called upon him to do, but the appraisement was not made. The record fixes no responsibility upon him for the failure. He could not pay upon the appraised value. Yet two-thirds of the appraised value was what he was holden for. Here, then, he was stopped by no default of his own. Nor could he make a tender; for unless by inspiration or prevision he offered the exact amount of an undetermined sum, his tender would not avail to stop interest. (*Patterson* v. *Sharp,* 41 Cal. 133; *Graham* v. *Linden,* 50 N. Y. 547.)

In short, plaintiff was so situated that he could do nothing other than he did do, which was to ask a court of equity to find and decree the sum. And we think it clear that he was not liable for conventional interest upon that sum.

2. To entitle respondent to interest as damages he must bring himself within the terms of section 3287 of the Civil Code. That section awards interest to every person who is entitled to recover damages, certain, or capable of being made certain, by calculation, where the right of recovery is vested in him upon a particular day. But damages are compensation for the unlawful act or omission of another (Civ. Code, sec. 3281), and, as has been said, appellant had been guilty of no wrong. He went into court asking a settlement of his account with respondent, and under section 1917 of the Civil Code the sum bore interest only from the day of its judicial ascertainment.

When, at the date of the expiration of the lease, the appraisers had failed to determine the value of the building, the scheme of valuation contemplated by the lease had come to an end so far as to entitle the lessee to seek the aid of a court to ascertain the amount due

him by the lessor.   In such an action interest would
have been allowed only from the date of the judgment.
(Civ. Code, sec. 1917.)   The lessee failed to avail him-
self of this right of speedy determination and payment,
and his failure cannot be urged as ground for the award
of interest in an action which the lessor was finally com-
pelled to bring against him.

No useful purpose can be subserved by a discussion
of the authorities upon the question of allowing interest
upon unliquidated claims.   The task has been per-
formed by this court in the case of *Cox* v. *McLaughlin*,
76 Cal. 60; 9 Am. St. Rep. 164.   The language there
employed in summarization is, *mutatis mutandis*, appo-
site to this case:

" We are not prepared to say, in general terms, that
no interest in any case can be recovered in an action
upon contract for an unliquidated demand.   *Mix* v.
*Miller*, 57 Cal. 356, decided since the adoption of the
code, and *McFadden* v. *Crawford*, 39 Cal. 662, decided
previously, attest the doctrine that in this state in-
terest is allowable on such demand under some circum-
stances.

" These were cases in which the contract had been
fully performed by the creditors, the fruits thereof ac-
cepted by the debtors, without objection, *and they were
clearly in default*, and in the latter case the only ques-
tion was as to value.

" But where, as in the case at bar, the amount of
these services, their character and value, can only be es-
tablished by evidence in court, or by an accord between
the parties, and are not susceptible of ascertainment,
either by computation or by reference to market weights
or other known standard, we are of opinion plaintiff is
not entitled to interest prior to verdict or judgment."

To the same effect are the cases of *Brady* v. *Wilcoxson*,
44 Cal. 245, and *Coburn* v. *Goodall*, 72 Cal. 498; 1 Am.
St. Rep. 75.

But here not only is the demand unliquidated, and
unascertainable from the face of the contract or from

well-established market values, and not only does it require process of law for its ascertainment, but the party against whom the award is made has never been in default, and finally has been the first to resort to equity to the end that he might ascertain and pay the amount justly due respondent.

For the foregoing reasons the appeal is sustained, and the judgment of the trial court is ordered modified by striking therefrom the portion appealed from which awards interest to respondent to the date of the entry of judgment.

TEMPLE, J., McFARLAND, J., GAROUTTE, J., VAN FLEET, J., HARRISON, J., and BEATTY, C. J., concurred.

Rehearing denied.