[S. F. No. 3345. Department Two.—November 11, 1905.]

## CHARLES ERICKSON, Appellant, v. STOCKTON AND TUOLUMNE COUNTY RAILROAD COMPANY, Respondent.

PRACTICE—ERROR IN COMPUTATION—CORRECTION BY JUDGE.—The trial court has the power of its own motion to correct a mere error in computation appearing upon the face of the record in the findings and conclusions of law without vacating the judgment and entering a new one.

OPEN ACCOUNT—INTEREST—ASCERTAINMENT OF BALANCE.—In an action on an open account to recover the value of services rendered and of goods sold, in which the defendant controverts liability for the demand and also the value and amount thereof, and the plaintiff recovers for less than the amount sued for, the plaintiff, under section 1917 of the Civil Code, is only entitled to recover interest from the day on which the balance is ascertained, and is not entitled to interest from the time of the commencement of the action.

APPEAL from an order of the Superior Court of the City and County of San Francisco amending a judgment. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

E. B. Young, for Appellant.

J. J. Burt, for Respondent.

HENSHAW, J.—Plaintiff sued to recover from defendant the sum of $8,765, part of which he alleged was due as the value of certain services rendered by him to the defendant, and the remainder of which was for the value of goods, wares, and merchandise sold to defendant. After trial the court made its findings and conclusions of law, and directed judgment in favor of the plaintiff and against the defendant for the sum of $1,420.65 and costs. By a mere clerical error

in computation, which error appeared in the findings and was carried into the conclusions of law, a difference of exactly fifty-four dollars was made in the amount of the judgment. The judgment should have been for $1,474.65, instead of for $1,420.65. Though this error appeared upon the face of the record, plaintiff made no motion for its correction, but instead gave notice of a motion to vacate and set aside the judgment, and to have a judgment entered in the sum of $1,474.65, with interest from the thirtieth day of July, 1898, the date of the commencement of the action. The defendant, conceding that a clerical error appeared upon the face of the record, consented that the findings, conclusions, and judgment should be amended to correct this error. This the court did, and denied the motion to vacate the judgment and to award interest. Plaintiff, the moving party, in whose favor judgment had been entered, takes this appeal.

The amendment which the court ordered was not to make new findings and conclusions of law, but to make the findings and conclusions of law upon their face speak the truth. The error being a mere error in computation appearing upon the face of the record, it was within the power of the court, of its own motion, to correct it at any time; and this it could do without need or occasion for vacating the judgment and entering a new one. (*Fallon* v. *Brittan,* 84 Cal. 511, [24 Pac. 381]; *Roundtree* v. *Lime Co.,* 106 Cal. 62, [39 Pac. 16]; *Dickey* v. *Gibson,* 113 Cal. 34, [45 Pac. 15, 54 Am. St. Rep. 321]; *Chicago Clock Co.* v. *Tobin,* 123 Cal. 378, [55 Pac. 1007]; *O'Brien* v. *O'Brien,* 124 Cal. 422, [57 Pac. 225].)

Plaintiff's demand, as has been said, was for the value of services rendered and for the value of goods sold within two years upon an open account. Not only was the fact of defendant's liability for the demand denied, but the value and amount of the demand were also controverted, and it appears that, while the plaintiff was claiming over eight thousand dollars, the award to him was less than fifteen hundred dollars. In such a case it is well settled that section 1917 of the Civil Code applies,—viz., that interest is payable on all moneys, at the rate of seven per cent per annum, due on any settlement of account from the day on which the balance is ascertained. (*Brady* v. *Wilcoxson,* 44 Cal. 239; *Coburn* v. *Goodall,* 72 Cal. 498, [14 Pac. 190, 1 Am. St. Rep. 75; *Cox*

v. *McLaughlin,* 76 Cal. 60, [18 Pac. 100, 9 Am. St. Rep. 164];
*Heald* v. *Hendy,* 89 Cal. 632, [27 Pac. 67]; *Easterbrook* v.
*Farquharson,* 110 Cal. 317, [42 Pac. 811].),
The order appealed from is affirmed.

McFarland, J., and Lorigan, J., concurred.