[Civ. No. 846.   Third Appellate District.—January 2, 1912.]

## AMERICAN-HAWAIIAN ENGINEERING AND CONSTRUCTION COMPANY, LIMITED, a Corporation, Appellant, v. EMMA G. BUTLER, Defendant, Respondent and Cross-complainant; WESTERN EXPANDED METAL AND FIRE-PROOFING COMPANY, a Corporation, Defendant in Cross-complaint, Respondent.

BUILDING CONTRACT—ACTION BY CONTRACTOR ON QUANTUM MERUIT—FINDINGS AS TO EXPENSES FOR SPECIAL AGENTS—ERRONEOUS CONCLUSION—MODIFICATION OF JUDGMENT.—In a tenable action by a contractor upon a *quantum meruit* for the reasonable value of services rendered, labor performed, and expenses incurred in the construction of defendant's building, where the court, besides awarding to him the value of labor done and materials furnished, also specially found that he had expended for the hire of superintendents, watchmen and foremen employed in and upon the building the sum of $7,170, but also found as an erroneous conclusion of law that he was not entitled to recover the same, upon his appeal from the judgment it will be modified by adding that sum thereto.

ID.—ISSUE UPON REASONABLE VALUE—INTEREST NOT ALLOWED BEFORE JUDGMENT—GENERAL RULE—CODE PROVISION.—Where issue was joined upon the reasonable value of plaintiff's work and materials, and the value and amount thereof were controverted, interest thereon could not be allowed before judgment. It is the general rule in this state that in an action of *quantum meruit*, interest is not allowed until judgment is rendered, and that interest cannot be allowed upon unliquidated demands before judgment. Under section 1917 of the Code of Civil Procedure, the balance due must be ascertained, either by agreement of the parties or by judgment, as a condition precedent to interest.

ID.—MONTHLY ESTIMATES OF ARCHITECTS—OWNER NOT CONCLUDED—ACCORD NOT SHOWN AS BASIS OF INTEREST.—The provision in the contract for monthly estimates of the architects, which was designed merely as a basis for monthly payments, could not conclude the owner as an accord upon the question of interest, where the contract expressly provided that no estimate of the architects except the final one should be conclusive, and it appeared that there was no final estimate, since the contract was rescinded as a basis of action by the contractor upon a *quantum meruit*.

ID.—INCONSISTENCY OF CONTRACTOR UPON QUANTUM MERUIT—RESCINDED CONTRACT—EVIDENCE OF REASONABLE VALUE.—The contractor in an action upon *quantum meruit*, based upon the rescis-

sion of the contract, cannot, without inconsistency, claim the benefit of the rescinded contract as the basis of an accord between the parties. Such rescinded contract can only be considered in such action, as evidence bearing upon the determination of the question as to the reasonable market value of the labor and materials sued for.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Edgar C. Chapman, for Appellant.

Charles W. Slack, for Emma G. Butler, Respondent.

R. H. Countryman, for Western Expanded Metal and Fire-proofing Company, Respondent.

BURNETT, J.—In this opinion we shall refer to Emma G. Butler as respondent, since the defendant in the cross-complaint has no interest in the proceedings here. The plaintiff has appealed on the judgment-roll from a judgment in its favor. It makes two contentions: "First: The judgment should be increased by the amount of $7,170, the sum expended by appellant in the hire of superintendents, foremen and watchmen in the construction of the building mentioned in this action; and Second: It should be increased by the amount of legal. interest on a part of its claim from the time of filing the complaint in this action, on, to wit, November 11, 1907, viz., interest on $57,804.57.''

As to the first of these propositions respondent answers: "First, that the appellant has recovered the amount of the value of these men's services, and the value thereof is included in finding number 4 of the lower court, fixing 'the reasonable market value of all of the work of the construction of said building, and of the material and labor so as aforesaid incorporated therein.' Second, that even if the lower court did not in fact include in its finding number 4 the value of the services of these men, yet the court will not inquire therein unless the fact of such omission appear plainly on the face of the record, which it does not.''

We think it does appear ''plainly on the face of the record'' that the trial court made no allowance for the services of these men. This is a necessary inference, as we view it, from the ordinary signification of the terms employed by the court in stating the facts and its conclusions therefrom. It can hardly be made more emphatic than by exhibiting these findings as follows: ''3. That on or about the twenty-ninth day of June, 1905, plaintiff did, at the special instance and request of defendant, commence the work of the construction of certain portions of said building, and did thereafter continue to perform said work without interruption, except as hereinafter stated, from and after the twenty-ninth day of June, 1905, to and including the seventeenth day of September, 1907, and did furnish certain building materials and certain labor, all of which were incorporated in said building during said last-mentioned period of time. 4. That the reasonable market value of all of the work of the construction of said building and of the materials and labor so as aforesaid incorporated therein by plaintiff was and is the sum of $191,805.42 . . . 27. That during the progress of the work of the construction of said building plaintiff expended the sum of $7,170 for hire of superintendents, watchmen and foremen, in, upon and about said building, and that the reasonable value of the services performed in, upon and about said building by such superintendents, watchmen and foremen was and is the sum of $7,170.''

If nothing further appeared we might justly conclude that the trial court considered and found the $7,170 to be a part of the said $191,805.42. But, among the conclusions of law, it is declared ''That plaintiff is not entitled to recover of or from defendant the sum of $7,170, or any part thereof for the services of superintendents, watchmen or foremen employed by plaintiff in, upon and about said building during any portion of the period of time in which plaintiff was performing the work of the construction thereof under said contract of June 29, 1905, or otherwise.'' It is thus clear that the court below did not contemplate the expenses incurred for the services of the superintendents, etc., as a part of ''the work of the construction of said building'' or of ''the labor incorporated therein.'' But it is admitted by respondent that this

expense was a necessary part of the cost of the building and should be included in the allowance made to plaintiff.

Adopting respondent's construction of finding 4, the court's view of the case is thus presented: "The reasonable market value of all the labor and material furnished for the building including the services of superintendents, watchmen and foremen is the sum of $191,805.42. That of said sum there has been paid by defendant to plaintiff the sum of $124,478.99. That there is now due, owing and unpaid to plaintiff by defendant for and on account of the work of the construction of said building and for the materials and labor incorporated therein the sum of $67,326.43. Of this $191,805.42, $7,170 were expended for the hire of superintendents, etc., and plaintiff is not entitled to recover any portion of the $7,170." And yet the court enters judgment for the said sum of $67,-324.43. In other words, the court reaches the two inconsistent and irreconcilable conclusions, to wit, that plaintiff should and should not recover for the expense incurred for the hire of the superintendents. Under this interpretation of said finding 4 it is manifest that the judgment should have been for $7,170 less than the said $67,326.43, to make the findings and conclusions of law harmonious. We think the only reasonable explanation of the matter is that finding 4 is merely a general finding wherein one of the averments of the complaint on a *quantum meruit* is adopted, that this must be read in connection with finding number 27, which is a special finding, and that it appears clearly from the aforesaid conclusions of law that such special finding is not included in said general finding. Upon the theory of respondent, there was, of course, no reason in the world why there should have been this special finding as to the services of the superintendents, etc., rather than as to the services of any other class of employees. We can readily understand, though, that there was probably a controversy as to whether these services were properly chargeable against defendant, and the court reached the conclusion that though they were of said value of $7,170, yet respondent ought not to be liable therefor. Indeed, the opening brief of appellant is devoted entirely, as far as this point is concerned, to the maintenance of the proposition that the employment of such persons was necessary, and that the contractor was entitled to a reasonable compensation for said

employment. This was not contested in respondent's brief but the other position was taken, which, as before stated, we deem untenable.

As to the interest, the general rule in this state is, undoubtedly, that, in an action of *quantum meruit,* interest is not allowed until judgment is rendered. The latest case to which our attention is called is *Erickson* v. *Stockton etc. R. R. Co.,* 148 Cal. 206, [82 Pac. 961], wherein it is said, through Mr. Justice Henshaw: "Plaintiff's demand, as has been said, was for the value of services rendered and for the value of goods sold within two years upon an open account. Not only was the fact of defendant's liability for the demand denied, but the value and amount of the demand were also controverted, and it appears that while plaintiff was claiming over $8,000, the award to him was less than $1,500. In such a case, it is well settled that section 1917 of the Civil Code applies—viz., that interest is payable on all moneys, at the rate of seven per cent per annum, due on any settlement of account from which the balance is ascertained. (*Brady* v. *Wilcoxson,* 44 Cal. 239; *Coburn* v. *Goodall,* 72 Cal. 498, [1 Am. St. Rep. 75, 14 Pac. 190]; *Cox* v. *McLaughlin,* 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100]; *Heald* v. *Hendy,* 89 Cal. 632, [27 Pac. 67]; *Easterbrook* v. *Farquharson,* 110 Cal. 317, [42 Pac. 811].)" It was therefore held that the plaintiff was not entitled to interest before judgment. This is a similar action in which defendant's liability for the demand was denied and the value and amount of the demand also controverted, and while plaintiff sued for $111,738.37, the award, as we have seen, was for a sum over $40,000 less. It may be stated, also, that no facts are alleged in the complaint from which it could be inferred that plaintiff was entitled to interest on the amount that should be found due, nor was there any prayer for interest. Plaintiff undoubtedly proceeded upon the theory that interest should not be allowed prior to judgment.

The findings disclose the fact that for the reason that defendant failed to comply with its terms, the plaintiff rescinded the written contract under which the work was done and said plaintiff elected to sue for the reasonable value of the services performed and material furnished. We have, therefore, a case like *Cox* v. *McLaughlin,* 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100]. Therein it is said: "It may be stated as a gen-

eral principle, that interest is not allowed on unliquidated damages or demands. This term 'unliquidated' applies equally to cases of tort, as slander, assault and battery, etc., and to cases upon a *quantum meruit*, for goods sold and delivered or services rendered. The reason of such denial of interest is said to be that the person liable does not know what sum he owes, and therefore can be in no default for not paying. The damages in such cases are an uncertain quantity, depending upon no fixed standard, are referred to the wise discretion of a jury, and can never be made certain except by accord or verdict.'' The court proceeds to state that there was an express contract between the parties, but that for some reason a recovery upon that contract had been abandoned and plaintiff had brought the action upon a *quantum meruit* precisely as he might have done had there been no contract. It was declared that ''defendant was not in default for not ascertaining that which, outside of the abandoned contract, he could not ascertain except by an accord or by a verdict or its equivalent.''

Appellant seeks to differentiate that case from this by reason of certain findings upon issues tendered by the answer herein. The only ones necessary to notice are, ''That under said contract and pursuant to its terms and provisions plaintiff performed the work of the construction of said building under the direction of the architects thereof, Messrs. Reid Brothers, and did incorporate building materials and labor therein, estimates of which said materials and labor so incorporated were made by plaintiff monthly as said work progressed and the same were immediately after the making thereof delivered to the said architects of said building; that shortly after said estimates were so as aforesaid delivered to said architects, certificates relating to said estimates were issued by said architects to plaintiff in amount not exceeding seventy-five per cent of the reasonable market value of the materials and labor so as aforesaid incorporated in said building for the months immediately preceding the issuance of each of said certificates respectively,'' and that defendant paid to plaintiff the amount set forth in the certificates up to July 31, 1907, aggregating the sum of $124,478.99, and that on the fourth day of September, 1907, plaintiff presented an estimate for the month of August amounting to the sum of

$16,311.58, with a demand that seventy-five per cent of the same, or $12,233.64, be paid to plaintiff, but no part of the same was ever paid by defendant nor has defendant ever paid or offered to pay plaintiff for any material and labor incorporated in the building subsequent to the month of July, 1907. Appellant declares that, under such a contract which the court found respondent had complied with concerning the payments provided for therein, respondent knew each month how much the contractor had earned during the preceding month, how much he received each month, and how much was retained by respondent, and that it became due when the contract was rescinded, and therefore should bear interest from that date or at least from the date when the complaint was filed. But it is to be noticed that these statements of the amount due constituted simply an estimate upon which to base the monthly payments. It cannot be said that respondent was bound by these estimates. Indeed, the contract expressly provided that no certificate given nor payment made, except the final one, should be conclusive evidence against any claim of the owner. We think it cannot be said that there was any accord or agreement as to the exact amount due at any time for the services and material furnished for the building. Probably, in nearly every action upon *quantum meruit,* the defendant might ascertain by inquiry and investigation substantially what, if anything, is due, but the law requires more than that before it will exact interest. Under the provisions of section 1917 of the Code of Civil Procedure, which is applicable to this class of cases, the balance must be ascertained either by agreement of the parties or by judgment as a condition precedent to interest. (*Erickson* v. *Stockton R. R. Co.,* 148 Cal. 206, [82 Pac. 961].) Appellant's contention presents a rather curious situation, in that it is sought, in an action on an implied contract, to take advantage of some of the terms of an express contract that has been rescinded. Said contract could be considered, of course, in the determination of what was the reasonable market value of the work and materials, but we think it should not be given the effect claimed for it by appellant.

We are of the opinion that, in view of the nature of the action, the amount claimed by appellant and the denials of defendant, no part of the debt should be deemed to have been

liquidated before the action was brought. We think the judgment should be modified by adding thereto the sum of $7,170, and as thus modified it should be affirmed. It is so ordered.

Chipman, P. J., and Hart, J., concurred.