[Civ. No. 5260. First Appellate District, Division Two.—November 21, 1925.]

## CHAS. W. MAY, Respondent, v. HUNT, HATCH & COMPANY (a Corporation), Appelllant.

[1] CONTRACTS—SALE OF GRAPES—PAYMENT IN ADVANCE—BREACH BY SELLER—MEASURE OF DAMAGES.—Under section 3308 of the Civil Code, the measure of damages for the breach of a seller's agreement to deliver grapes, the price of which has not been fully paid in advance, "is deemed to be the excess, if any, of the value of the property to the buyer, over the amount which would have been due to the seller under the contract, if it had been fulfilled."

[2] ID.—ACTION FOR DAMAGES—DUPLICATE ALLOWANCE FOR ADVANCE PAYMENT.—In an action for damages for failure to deliver certain grapes sold by defendant to plaintiff, and for which plain-

---

1. See 22 Cal. Jur. 1043.

tiff made part payment in advance, it is error to award plaintiff judgment for "the excess of the value of said grapes to plaintiff . . . over the amount which would have been due to defendant under said contract if the same had been fulfilled," and, in addition thereto, the amount of plaintiff's advance payment on account of the purchase price.

[3] ID.—UNASCERTAINED CLAIM—INTEREST.—In such an action, as the amount of plaintiff's claim is not ascertained until the judgment is entered, plaintiff's right to interest does not arise until the time of the entry of judgment.

---

(1) 35 Cyc., p. 640, n. 91 New.     (2) 35 Cyc., p. 640, n. 91 New. (3) 33 C. J., p. 211, n. 8.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. D. Dehy, Judge. Reversed.

The facts are stated in the opinion of the court.

Fred Mansur for Appellant.

George Beebe and J. Marion Wright for Respondent.

STURTEVANT, J.—The trial court awarded a judgment against the defendant corporation based on a breach of contract to deliver four carloads of grapes which the plaintiff alleged he had bought from the defendant. From that judgment the defendant has appealed and has brought up the judgment-roll. The appellant attacks the manner in which the judgment was made up and also the amount of the judgment. We think that the attack is well founded and that the judgment must be reversed.

In his complaint the plaintiff alleged that he bought from the defendant four carloads of Zinfandel grapes at $110 per ton and that he paid down $1,000 and agreed to pay the balance of said purchase price on delivery of said grapes. The record does not disclose how many tons constituted a carload, nor what was the total amount of the purchase price.

The trial court made findings as follows:

"IV. By reason of the failure, neglect and refusal of the defendant Hunt, Hatch and Company to sell and de-

---

liver said grapes to plaintiff so agreed to be sold and delivered as aforesaid plaintiff has been damaged in the sum of $1,320, same being the excess of the value of said grapes to plaintiff which value is and was the value of $6,160, over the amount which would have been due to defendant under said contract if the same had been fulfilled, which amount was and is the sum of $4,840.

"V. That defendant Hunt, Hatch and Company have failed and neglected to return to plaintiff the sum of $1,000 so paid by plaintiff on the purchase price of said grapes, as aforesaid, and has never returned or repaid same to plaintiff, and by failure to return same, plaintiff has been damaged in the further sum of $1,000 with interest thereon from September 7, 1920."

[1] The plaintiff evidently omitted to carefully read the statute before framing his complaint and thereafter allowed the trial court to frame its findings carrying out the same error. The statute defining the measure of damages to be followed in such a case is, "The detriment caused by the breach of a seller's agreement to deliver personal property, the price of which has not been fully paid in advance, is deemed to be the excess, if any, of the value of the property to the buyer, over the amount which would have been due to the seller under the contract, if it had been fulfilled." (Civ. Code, sec. 3308.) [2] When the plaintiff and defendant made the contract in suit and the plaintiff paid the defendant $1,000 on account there remained "due to the seller under the contract, if it had been fulfilled" not the full purchase price, but the purchase price less $1,000. When this court reads the finding "over the amount which would have been due to defendant under said contract if the same had been fulfilled, which amount was and is the sum of $4,840," this court sees that the finding as written exactly follows the wording of the statute and this court must assume that the $1,000 had been deducted. If it had been deducted then it is patent as the appellant contends that in finding number V the trial court erroneously allowed for the second time to the plaintiff the sum of $1,000. That being so, the appellant was clearly prejudiced to the extent of the $1,000.

[3]   In making findings and preparing the judgment the parties seem to have had considerable trouble over the item of interest. When section 3308 of the Civil Code is properly construed the question regarding interest on the initial payment is eliminated from the case. As the amount of the plaintiff's claim was not ascertained until the judgment was entered, plaintiff's right to interest did not arise till the time of the entry of judgment. (*American-Hawaiian etc. Co. v. Butler,* 17 Cal. App. 764 [121 Pac. 709].)

The judgment is reversed and the trial court is directed to rewrite its findings, following section 3308 of the Civil Code as construed by this court and to find the ultimate facts as they appear to the trial court in the light of the evidence that was heretofore introduced by the parties and thereafter to enter judgment accordingly.

Langdon, P. J., and Nourse, J., concurred.