[L. A. No. 1445.  Department One.—February 14, 1905.]

WILLARD H. STIMSON et al., Respondents, v. DUNHAM, CARRIGAN, HAYDEN COMPANY et al., Defendants; JOHN M. GARDINER, Appellant.

MECHANICS' LIENS—NOTICES TO OWNERS—EXCESS OVER CONTRACT PRICE—ACTION TO DETERMINE RIGHTS.—Where materialmen and laborers had served written notices upon the owners of their claims against the contractor, which, in the aggregate, were in excess of the contract price for the improvements constructed, the owners cannot be held beyond the contract price and charged with additional costs created or incurred by the contractor, and having the funds to pay to the parties entitled, may maintain an action to bring in all interested parties so that one decree might settle all rights, and may offer to pay into court the amount due the contractor as soon as the amount due for extras may be judicially determined.

ID.—RIGHTS OF CLAIMANTS TO FILE LIENS.—Where the money was not actually brought into court the court would not restrain lien claimants from filing their liens and enforcing them in regular course for preservation of their rights.

ID.—CONTRACTOR NOT ENTITLED TO ENFORCE LIEN—COSTS—ATTORNEYS' FEES.—Where, after ascertainment of the amount due the contractor for extras, the whole amount of the contract price and extras, and after deduction of all claims of other parties for work done and materials furnished, nothing remained due him, he was not entitled to recover upon the lien filed by him, and could not recover costs and attorneys' fees.

ID.—INTEREST NOT ALLOWABLE.—The plaintiffs having been prevented by force of the statute from paying the amount for which they were liable to the contractor, after the filing of the notices of lien claimants, they were not liable for interest; and the demand for extras could not draw interest until the amount was ascertained by the judgment of the court.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing to annul conclusions of law and to modify judgment. Waldo M. York, Judge.

The facts are stated in the opinion.

Valentine & Newby, for Appellant.

John D. Pope, for Respondents.

COOPER, C.—Appeal from judgment and from an order denying appellant's motion to annul conclusions of law and to modify judgment.

The complaint alleges that plaintiffs' testate, in September, 1900, entered into certain contracts with appellant, by the terms of which appellant was to furnish material and perform the labor in putting in certain pipes, pump, and fittings in the basement of the Stimson Block and Douglass Building in the city of Los Angeles for the sum of $1,968. That appellant in due time entered upon the performance of said contracts, and completed them on the —— day of June, 1901. That the defendants (except appellant, the contractor), more than forty in all, claim to have furnished portions of the material or labor in the performance of the contracts, and many of them have served written notices upon plaintiffs that appel-

lant was indebted to them for materials or labor furnished or done in performance of said contracts of appellant, and have notified plaintiff to withhold moneys sufficient to pay their demands, the total amount of money claimed in said notices exceeding the contract price of said improvements. That plaintiffs have no means of knowing whether the demands of said parties so furnishing labor and materials are just, or the respective amounts, but are desirous of making payment of the contract price and amount due to the materialmen, laborers, and parties entitled thereto as the court may direct. That appellant claims that there is a sum due him for extra materials and labor furnished and done in the performance of the said contract, but plaintiffs do not know and cannot state whether there is anything due, or how much is due for extras but that the amount due under the contracts and for extras is insufficient to pay all the claims for material furnished and labor done in the performance of said contracts.

Plaintiffs pray that the court may determine and adjudge the amount in which they are indebted to appellant upon said contracts, and for extras thereunder, and that upon the amount being ascertained they be permitted to pay such amount into court and be discharged; that defendants be required to set forth their respective claims for adjudication so that the money due by plaintiff may be paid as the law may award, and that defendants and each of them be restrained from filing any liens upon plaintiffs' premises, pending the hearing.

The materialmen and laborers appear to be satisfied with the decision, as they have not appealed. This opinion will therefore be confined to the question raised by the appellant, Gardiner.

His demurrer to the complaint was properly overruled. Plaintiffs had made their contracts in compliance with the law and desired to live up to them. They were willing to pay the amount due appellant for extras as soon as the matter could be judicially determined. They had been served with notices intercepting the payment of the entire amount due, but they could not at their own risk determine the amount or justness of the claim of each of some forty laborers and materialmen. In such case they could not be held beyond the contract price and charged with additional costs and ex-

penses created or incurred by appellant. (Code Civ. Proc., sec. 1193; *Rosenkranz* v. *Wagner,* 62 Cal. 154; *Turner* v. *Strenzel,* 70 Cal. 30; *Brill* v. *De Turk,* 130 Cal. 244.) Plaintiffs were required by the code, after having been served with notices, to withhold sufficient moneys to pay all such claims and attorneys' fees to each claimant to the extent of one hundred dollars. Therefore, plaintiffs having the money on hand with which to pay all amounts due by them, and desiring to pay it to the proper parties, had the right to come into court and bring in all interested parties, so that the one decree might settle all rights. Any party entitled to a lien would no doubt have had the right to insist that the amount for which plaintiffs were liable should have been paid into court, and upon plaintiffs' failure to do so would have been permitted to proceed with the enforcement of his lien in the regular course. The court would not in a case like this compel a lien-holder to allow his lien to become barred without being secured by the deposit of the amount due by the owner, or otherwise. In this case, however, the plaintiffs asked to be permitted to pay the amount into court as soon as it could be ascertained as to the sum due for extras. No question was raised in the court below as to the payment of the money into court, and no one was enjoined from filing a lien.

Appellant filed an answer and cross-complaint. He did not deny the allegation in the complaint that the amount due on the contracts and for extra work was insufficient to pay all the claims of the laborers and materialmen other than himself, but he alleged that the value of the extra materials and labor was the sum of $1,901.20. The court found the amount due on the contract price to be $1,968, and the amount due for extras $645.20 (neither of which findings are questioned), making the total amount due $2,613.20. It also found that there was due and owing by appellant to laborers $722.37 and to materialmen $2,654.61, the names and amounts being inserted in the decree (neither of which findings are questioned), making the total amount due from appellant and unpaid for labor and materials the sum of $3,376.98. This was in excess of the amount due by plaintiffs, and the decree provided that the laborers be paid in full, and the balance to the materialmen on a pro rata distribution of .6817+. The court denied the demand of appellant for a foreclosure

of his lien, for attorneys' fees, for interest, and for costs.  It is claimed that the court erred in all these respects.

The appellant, as contractor, was entitled "to recover upon a lien filed by him only such amount as may be due to him according to the terms of his contract, after deducting all claims of other parties for work done and materials furnished." (Code Civ. Proc., sec. 1193.)  As there was nothing due him after making such deductions, he was not entitled to recover upon the lien filed by him.  The code provides that the court must allow, as part of the costs, the money paid for filing and recording the lien, and reasonable attorneys' fees "to be allowed to each claimant whose lien is established."  (Code Civ. Proc., sec. 1195.)  As appellant did not establish a lien, he does not come within the provisions of the statute as to costs and attorneys' fees.  If, for the purposes of this case, it be conceded that appellant can raise the question, we hold that plaintiffs were not liable for interest.  They were prevented by the express mandate of the statute from paying the amount for which they were liable, under the contracts, after the notices of the laborers and materialmen had been served upon them.  (Civ. Code, sec. 3287; *Easterbrook* v. *Farquharson*, 110 Cal. 316.)  And the demand for extras did not draw interest until the amount was ascertained by the judgment of the court.  (*Macomber* v. *Bigelow*, 126 Cal. 14, and cases cited.)

It follows that the judgment and order should be affirmed.

Smith, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Van Dyke, J., Shaw, J., Angellotti, J.