[Sac. No. 4119. Department One.—November 27, 1928.]

CHARLES S. MABREY et al., Appellants, v. ARCHIE McCORMICK et al., Respondents.

668

Thomas B. Leeper and Busick & Leeper for Appellants.

Joseph M. Raines and Arthur C. Huston for Respondents.

PRESTON, J.—We are called upon to determine whether the findings and judgment in this case have support in the evidence. Having thoroughly examined the record, we find that testimony upon the disputed questions of fact is about as acutely conflicting as it could be. This conflict the trial court resolved in favor of defendants, and its action will be upheld.

Plaintiffs sued to enforce their contractors' lien and to recover the sum of $5,376.78 under an alleged contract on the basis of cost plus ten per cent for the rebuilding and remodeling of defendants' farmhouse. Defendants, answering, alleged that, by the contract between the parties, plaintiffs undertook to furnish all necessary materials and perform all work needed on said building at a cost not to exceed $5,700. The court found the latter agreement to be the true contract made by said parties. It was further found that plaintiffs failed to complete the work; that they abandoned the contract, and as a result defendants were compelled to and did expend $1,016.60 for labor and materials to finish the building; that in addition defendants had paid plaintiffs on account the sum of $2,222.90; that there was therefore due plaintiffs upon said contract price of $5,700, the balance of $2,459.50, plus $1 for recording their lien, and $25, cost of extra work installing a buffet in said house, that is, a total of $2,485.50. Judgment in said sum was entered for plaintiffs, from which they have appealed.

There is competent evidence that the contract was not upon a cost-plus basis, but was for said agreed sum, nor are defendants estopped to deny said cost-plus contract, by reason of the fact that items charging ten per cent commission appeared upon the bills rendered them. There is testimony that said bills were considered as rendered under the agreed sum contract, and that the itemization was disregarded in so far as it might have been thought to indicate a change in the arrangement under which the work was proceeding. In other words, if, as the court found, the contract was in fact for an agreed sum, defendants might well have been unconcerned as to the items on the statements.

This was the view of the trial court, and there is no evidence legally sufficient to compel an opposite conclusion. There is, therefore, no room for operation of the law of estoppel, and authority need not be cited upon this point. Our conclusion that the findings and judgment have support in the evidence is determinative of this appeal.

Plaintiffs claim interest from the date of the third bill rendered by them, at which time they state the amount due became certain (sec. 3287, Civ. Code). Had the court found for them, this contention would be sound. Here, however, the record shows no refusal of defendants to settle with plaintiffs under the true contract. Defendants, being ready and willing to settle thereunder, were not at fault, because plaintiffs not only abandoned the work but insisted on recovery upon a different basis. In other words, by reason of the action of plaintiffs, the amount due was unliquidated until determined by judgment of the court; hence interest prior to judgment, as damages, was not allowable (*Macomber* v. *Bigelow,* 126 Cal. 9, 15 [58 Pac. 312]; *Curtin* v. *State,* 61 Cal. App. 377, 393 [214 Pac. 1030]; *Easterbrook* v. *Farquharson,* 110 Cal. 311 [42 Pac. 811]; *Stimson* v. *Dunham,* 146 Cal. 281 [79 Pac. 968]).

Judgment affirmed.

Curtis, J., and Seawell, J., concurred.

Hearing in Bank denied.

All the Justices concurred.