[S. F. Nos. 6357 and 6358.   In Bank.—June 13, 1913.]

In the Matter of the Estate of CLAUS SPRECKELS, Deceased.  JOHN D. SPRECKELS and ADOLPH B. SPRECKELS, Appellants, v. RUDOLPH SPRECKELS, CLAUS A. SPRECKELS, and EMMA C. FERRIS, Respondents.

WILL—REVERSAL OF ORDER REFUSING PARTIAL DISTRIBUTION BECAUSE OF INVALIDITY OF TRUST—RES ADJUDICATA ON SUBSEQUENT DISTRIBUTION.—Where an order of the superior court denying partial distribution of the estate of a testator in accordance with the terms of his will, on the ground that the trusts created thereby were invalid, is reversed on appeal by the supreme court, which upheld the validity of the terms of the will, the judgment of the latter court becomes conclusive on the parties to the proceedings for partial distribution, and is *res adjudicata* as to who were entitled to take the estate on distribution, and subsequent decrees of partial and final distribution rendered by the superior court in conformity with the judgment of the supreme court are correctly made.

ID.—PROCEEDING FOR FINAL DISTRIBUTION PENDING APPEAL FROM ORDER DENYING PARTIAL DISTRIBUTION—BENEFICIARIES UNDER WILL NOT PUT TO ELECTION—ABANDONMENT OF APPEAL.—The mere fact that the beneficiaries named in the will, who were also among the heirs at law of the testator, pending their appeals from the order denying them partial distribution in accordance with the will, instituted, as executors of the will, proceedings in the superior court for final distribution of the estate, praying that it be made to the persons who in law were entitled thereto, and in such proceedings joined issue with other disinherited heirs at law of the testator, who had applied for a *pro tanto* distribution to themselves, as to alleged advancements made by the testator to the latter, did not, of itself, in the absence of any admission or intimation to that effect in the pleadings, or on the trial of the proceeding for final distribution, operate as an election by such beneficiaries to assert rights in hostility to the will, on the theory of the intestacy of the decedent, nor did it constitute an abandonment by them of their appeals from the decree denying partial distribution, or of their rights as beneficiaries under the terms of the will.

ID.—ASKING FOR DISTRIBUTION ON THEORY OF INTESTACY AND TESTACY.—No legal inconsistency could arise from the fact that the beneficiaries under the will, in the proceedings on final distribution, asked distribution to them of the estate solely as heirs at law of the decedent on the theory of his intestacy, while at the same

time they were asserting rights to his estate by virtue of his will under the pending appeals on the partial distribution proceeding.

Id.—Preliminary Hearing on Final Distribution Pending Appeal on Partial Distribution—Parties may Assert Any Rights They Have on Theory of Either Testacy of Intestacy—Claim of Advancement.—While the court in probate, by reason of the pendency of the appeals in the partial distribution proceeding, might not make a decree of final distribution until those appeals were disposed of, it had the power to settle, upon initiative of all the parties upon petition for final distribution and in advance, and in anticipation of an ultimate decree therefor, any questions affecting their rights to the estate. On such proceedings for final distribution, the devisees under the will were entitled to assert any rights which they might have, including their rights under the will, or rights they might possess should it be determined to be invalid. In asserting the latter rights, they were entitled to dispute the claims of other heirs to participate in the distribution, on account of advancements made them by the decedent in his lifetime.

Id.—Minute Order Expressing Opinion of Court as to Final Distribution not Final—Subsequent Decrees of Distribution According to Will.—After the hearing of such petition for final distribution, and after the court had found against the claim of advancements to such disinherited heirs, and before the determination of the appeals from the decree denying partial distribution, and before the settlement of the final account of the executors, the court entered a minute order in which it was recited that the court was of the opinion that the estate of the decedent subject to his testamentary disposition should be divided equally amongst all the heirs at law of the decedent, and ordered "that findings and decree of final distribution be prepared accordingly." *Held,* that such order did not have the effect of a final judgment determining the rights of the parties to the estate of the decedent, and did not preclude the court, after the reversal of the appeals from the order denying partial distribution, from entering decrees of distribution in accordance with the terms of the will.

APPEALS from orders of the Superior Court of the City and County of San Francisco, one from a decree of partial distribution and the other from a decree of final distribution of the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Morrison, Cope & Brobeck, Peter F. Dunne, Samuel M. Shortridge, Wesley N. Hohfeld, and Edward Lynch, for Appellants.

Cushing & Cushing, and William H. Gorrill, for Respondents.

LORIGAN, J.—In the above estate two appeals are taken, one from a decree of partial distribution and the other from a decree of final distribution of the estate of decedent. As both appeals are presented on the same record and the same points for a reversal of both decrees are urged, they will be considered and disposed of together.

The following facts will illustrate the points made. Appellants and respondents and their sister Emma C. Ferris, are the children and heirs at law of Claus Spreckels, deceased. The will of the latter was admitted to probate in June, 1909. Certain trusts were created by it and respondents made trustees thereof. They were also named, and qualified, as executors, and were with Emma C. Ferris made the ultimate beneficiaries thereunder, the testator declaring in his will that he made no provision for appellants, having already given them a large part of his estate. The will is set forth at length in *Estate of Spreckels*, 162 Cal. 559, [123 Pac. 371], and no more particular reference to its terms is necessary.

On August 23, 1909, the respondents filed an amended petition for a partial distribution of the estate of decedent to them as trustees under the will. Demurrers thereto were interposed by the present appellants as heirs at law of the deceased which were sustained by an order made February 18, 1910, the superior court holding that the trusts created by the will were invalid and denying partial distribution under its provisions. On April 14, 1910, respondents appealed to this court from such order. On May 13, 1910, after such appeals were taken, respondents, as executors of said will, filed their final account, accompanied by a report of the condition of the estate and a petition for final distribution, praying that the residue of the estate be distributed to the persons who in law were entitled thereto. Appellants immediately thereafter filed an appearance joining with the said executors in said petition for final distribution. Subsequently the respondents as trustees of a trust created in the will in favor of Emma C. Ferris, and each individually, as devisees and legatees thereunder, filed answers to said petition and alleged therein that they were entitled under and pursuant to said will to receive an undivided

one-sixth of all the estate of said testator as trustees of said trust in favor of Emma C. Ferris, and further, that pursuant to said will each of them was individually entitled to receive an undivided one-sixth of the estate of which said testator died seized. As a separate answer these respondents, both as said trustees and individually, alleged that neither of the present appellants had any interest in the estate of deceased and were not entitled to participate in the distribution thereof because each had received by way of advancements more than his share in the estate, and prayed for distribution to them, as said trustees, in accordance with the provisions of the will, of one-sixth of the estate, and to them each individually of one-sixth thereof, which was the amount to which they were entitled under the will.

A hearing was had before the court under these several petitions, the principal, in fact the main issue, being as to the alleged advancements to the appellants asserted by respondents.

In October, 1910, the court filed its written opinion in the matter of such alleged advancements and the courtroom clerk made an entry in the minutes of the court of what he considered was the conclusion of the court under its views expressed in the opinion. On December 12, 1910, this minute order was set aside by the court under stipulation of the parties and the clerk was directed by the court to and did enter "in substitution of the minute order heretofore vacated and set aside the following order, to wit: The court is of the opinion that one-half of the estate of deceased subject to his testamentary disposition and subject to the jurisdiction of this court shall be divided equally among the children of said deceased, due regard being had for the rights of those entitled to the income accruing upon the properties of the estate; . . . and it is ordered that findings and decree of final distribution be prepared accordingly." This order to that extent, at least, disposed adversely of the claim of respondents that if appellants were otherwise entitled to take any part of the estate of the decedent they were precluded from doing so by reason of alleged advancements.

On January 18, 1912, a motion on the part of these appellants to settle the findings upon final distribution was brought on for hearing. The present respondents objected to further

proceedings toward final distribution on the ground that the superior court by reason of the pending appeals to this court in the matter of partial distribution was without jurisdiction in the matter. Before action was taken on the motion these respondents applied to this court for a writ of *supersedeas* and on February 20, 1912, an order was made on such application enjoining the superior court from signing findings or a decree of distribution until the petition for the writ could be heard. This order was in effect, when on April 10, 1912, this court reversed the order of the superior court of February 18, 1910, denying partial distribution, and sustained the validity of the trusts declared by the will. On May 28, 1912, these respondents applied to the superior court for partial distribution as asked under said original application therefor of August 23, 1909, and, on the same day a decree therefor was made. This is the subject of one of the present appeals now under consideration—No. 6357. On May 29, 1912, the respondents under the proceedings for final distribution heretofore mentioned, applied for distribution to them under the terms of the will, and a decree to that effect was made May 31, 1912. This is the subject of the other appeal now under consideration—No. 6358.

These decrees were made in conformity with the terms of the will and the judgment of this court sustaining its validity rendered on the appeals from the order denying partial distribution. That judgment is conclusive on the appellants who were parties to the proceedings in which it was rendered, is *res adjudicata* as to who were entitled to take the estate on distribution, and the decrees appealed from made in favor of respondents in conformity with it were correctly made, unless the attack which appellants make on the judgment of this court on the former appeals is to be sustained.

Premising a statement of their position upon said attack with the announcement of the unquestioned legal proposition that the appeals by respondents from the order denying their petition for partial distribution suspended all power of the superior court to distribute the estate of the decedent during their pendency and that the prosecution or abandonment of such appeals was a matter entirely under the control of the respondents, the appellants then claim that when the respondents, after perfecting such appeals, applied for final dis-

tribution of the estate and tendered the issue of fact as to advancements (which it is asserted could only be relevant in case of intestacy) they deliberately reinvoked the suspended and superseded jurisdiction of the superior court under another and different claim of right,—namely, as heirs at law and not as devisees under the will, and under a new remedy,—namely, that of final distribution; that this action on the part of respondents under the later proceeding for final distribution in which they asserted rights to the estate on the theory of the intestacy of the decedent was radically inconsistent with their claim under the will which they were asserting in their then pending appeals, constituted an abandonment of their claims as beneficiaries under the will and amounted to an election to claim as heirs at law by which election respondents were bound; and that this conduct on the final distribution proceedings was in legal effect a dismissal or abandonment of their previous appeals which deprived this court of jurisdiction to pronounce a judgment under them available to respondents, and equally deprived the superior court of jurisdiction to enter any decree in favor of respondents based upon such judgment.

It is further claimed that the order of December 12, 1910, was an adjudication of the rights of the parties, had become final and conclusive, and the superior court was therefore without jurisdiction thereafter to make the decrees appealed from.

We find nothing in the record which affords any support for these claims; nothing that in any legal sense can be construed into an election by respondents in the proceedings for final distribution to assert a right or pursue a remedy at all inconsistent with their claims under the will or which in any respect indicates an abandonment of the appeals under which they were endeavoring to have the provisions of the will under which they claimed sustained. It is not pretended that the pleadings filed by respondents in the matter of final distribution contain any admission or intimation that they were abandoning any rights which they were asserting on appeal or which they claimed under the will. The claim, however, of appellants is that from the position taken by respondents in the proceedings for final distribution this resulted as a necessary legal consequence.

The transcript on these appeals, aside from the pleadings, is largely made up of the proceedings, including arguments of the attorneys for the respective parties upon the hearing on the matter of advancements which was the only issue litigated, and the remarks of the court during its progress which show the exact attitude of all the parties in the matter. It is to be observed that these respondents appeared in various capacities under the will of the decedent; they were the executors and likwise trustees under its trust provisions, and as individuals were legatees and devisees. As executors they filed a final account accompanied by a report concerning the estate and a petition for distribution. In such report they mentioned the pendency of the appeals from the orders of the court on the petition for partial distribution, and referred therein to reservations of certain matters made by the superior court in settling their first account and which could not be passed on definitely until such appeals were disposed of. In their answers to the petition as trustees and individually they asserted their rights under the will and asked that the estate be distributed to them under its terms, with the alleged claim of advancements made by the testator to the appellants. At all times thereafter in presenting the evidence on the issue of advancements and in the arguments before the court on that matter in connection with final distribution, it was clearly made to appear by the attorneys for respondents that they were relying upon the appeals which they had taken and that they would be pressed in this court. No suggestion was made by counsel for appellants during the hearing or arguments that respondents had or were waiving any rights whatever, even when on an offer in evidence by appellants of the papers on partial distribution the respondents objected to their introduction on the ground that appeals were pending therein and that the order in that matter had not become final. The court understood that respondents were not waiving any rights in the course of the proceedings, because in response to the declaration of the attorneys for respondents that, while asserting what they considered were their rights under the claim of advancements to appellants, their clients stood upon the validity of the will and were pressing the appeals in this court which they had taken to sustain it, the superior court said: "You want, of course, to preserve all of your rights fully,"

which it is clear respondents were endeavoring to do. That the court understood that the respondents had waived no rights is further indicated by the fact that it ultimately signed the decrees appealed from. It is quite clear what the position of respondents was under these proceedings on final distribution. They were not asking that the estate be distributed to them on the theory that the decedent had died intestate and that as the appellants had received from the decedent as advancements more than any share that they would be entitled to as heirs at law, they were therefore excluded from participation in his estate, and the respondents and Emma C. Ferris were entitled to the entire estate as the only other heirs at law. They were not asking a distribution to them as heirs at law under any claim of the intestacy of the decedent. Under their petition for distribution and on the argument addressed to the question of advancements in connection therewith, the attorneys for respondent asked for a distribution under the terms of the will, and in that connection insisted that even if the will were invalid the appellants on account of the advancements claimed to have been made to them exceeding any interest they would take of the estate of decedent if he had died intestate, were not persons interested in his estate, and therefore were not in a position at all to interfere in the distribution or to question the rights of the respondents to take the estate under the will. Their position was that as respondents and Emma C. Ferris were the only ones who were entitled to the estate, even if the will were invalid, that as appellants had no standing at all to interfere in the matter of how distribution should be had, and as respondents and Emma C. Ferris consented to a distribution under the terms of the will, they were entitled, as the only persons interested in the estate, to have it so distributed. It is, of course, well settled that persons who have no interest in an estate have no standing to question the manner of the distribution of it, and it is of no concern to them how it is distributed. (*Estate of Walker,* 148 Cal. 167, [82 Pac. 770]; *Estate of Fleming,* 162 Cal. 524, 530, [123 Pac. 284].)

But assuming, as it is claimed by appellants, that respondents in the proceedings on final distribution were asking distribution to them of the estate solely as heirs at law of decedent on the theory of his intestacy, while at the same time they

were asserting rights to his estate under the pending appeals on the partial distribution proceeding, we perceive no legal inconsistency arising from this fact.

While the court by reason of the pendency of the appeals in the partial distribution proceeding might not make a decree of final distribution until those appeals were disposed of, it was not without power to settle upon initiative of all the parties upon petition for final distribution and in advance, and in anticipation of an ultimate decree therefor any questions affecting their rights to the estate. This would be simply in aid of final distribution to be made at the earliest possible time when the court could make it in view of the pending appeals. Certainly the devisees under a will may on proceedings for final distribution assert any right to an estate which they may have; they may assert their rights under the will or rights they may possess should it be determined to be invalid. The fact that the respondents had asserted their rights under the terms of the will in the proceedings in the partial distribution and were endeavoring to sustain them on appeal, did not preclude them from setting up on the application for final distribution made while the appeals were pending any claim to the estate as heirs at law on the theory of the intestacy of decedent. If the proceeding and appeals on partial distribution had not been taken at all, undoubtedly the respondents might on final distribution assert rights under the will, or in case of its invalidity assert them as heirs at law to the exclusion of appellants by reason of full advancements to the latter of any share to which they otherwise would have been entitled, and we cannot perceive how as both such claims might be asserted on final distribution respondents were precluded from asserting one right upon the proceedings for partial distribution and the other upon final distribution. On final distribution the court is called upon to decide who is entitled to succeed to the estate of the decedent, and the parties claiming the right may show any fact in support of it. In such proceedings the respondents were entitled to present any reason they had why they were entitled to the estate and the appellants were not. At all times while relying on the terms of the will they might further insist that whether there was or was not a will the appellants were not entitled to any part of the estate. They had a right to insist that the will was valid and

to claim the entire estate under it; they had a further right to assert that if it were invalid the appellants, by reason of advancements to them, were precluded from taking any share of the estate and respondents were entitled to all of it. Either position, if valid, would sustain the claim of the respondents and was entirely consistent with the only right which they were asserting under either,—namely, that they were entitled to take the entire estate and that appellants were entitled to none of it. In assuming this position there was nothing in the nature of an election on the part of the respondents to claim as heirs at law or that constituted a waiver of the prosecution of their previous appeals or an abandoment of their right to claim under the will.

It is further insisted by appellants that the minute, order of December 12, 1910, was a judgment determining the rights of the parties to the estate of the decedent; that the court thereby exercised its jurisdiction and disposed of the rights of the parties, which having done, it was without jurisdiction subsequently to enter the decrees appealed from and they are therefore void.

Little need be said on this point. The minute order which is claimed by appellants to have the force of a judgment followed the announcement in its written opinion of the views of the superior court on the question of advancements, that court finding against the respondents on that issue and as a consequence (under its previous decision holding the will invalid) was of the opinion that the estate of the decedent should be equally divided among his children. But such order was not a final judgment or decree nor intended to be such or so considered by either court or counsel when it was entered. Aside from the evidence on the face of the order itself, which clearly shows that it was not so intended, the fact is that the estate was not then in a condition to be closed, as there had been at that time no settlement of the final account and a decree of final distribution could only be had after such settlement. (Code Civ. Proc., sec. 1665; *Smith* v. *Westerfield*, 88 Cal. 380, [26 Pac. 206].)

On its face the minute entry, claimed to be in effect a judgment, is designated as an order, and its terms show that it could not have been intended as a decree of distribution. It preserved for future consideration (independent of the fact

that no final account had been settled) other matters to be adjusted before a final decree could be made. It does not name the distributees except in a general way and contains no description of the property to be distributed which the law contemplates a final decree should contain. But as convincing proof that it was not intended to be and was not a final decree it ordered "that findings and a decree of final distribution be prepared accordingly.". The order at most, taken in connection with the circumstances under which it was made, shows that it amounted only to an opinion of the court as to how the estate should be distributed in view of its conclusion against the claims of the respondents that the appellants should be excluded from participation in the estate by reason of alleged advancements, and that the distribution of the estate would only be had on findings and a decree of final distribution to be thereafter prepared and signed.

The attorneys for appellants fully understood that this was the only effect of the order, as thirteen months after its entry they were moving the court for the settlement of findings and for a decree of final distribution in harmony with its terms when further action of the superior court in that regard was restrained by the *supersedeas* issued by this court.

As the points made for a reversal are in our opinion untenable, both the decrees appealed from are affirmed.

Henshaw, J., Melvin, J., Angellotti, J., Shaw, J., and Sloss, J., concurred.