[L. A. No. 5027. Department One.—September 19, 1917.]

In the Matter of the Estate of BERNARDO YORBA, Deceased. BEATRICE ARNAZ Y. DE JOHNSON, Appellant, v. FREDERICK BOTILLER et al., Respondents.

ESTATES OF DECEASED PERSONS—FURTHER ADMINISTRATION—WHEN UNNECESSARY.—An application for the appointment of an administrator with the will annexed is properly denied when it appears that all the debts of the deceased and costs of administration have been paid, that the executor's accounts have been approved and allowed, and the property of the estate partitioned and distributed to those entitled thereto.

ID.—WHEN FURTHER ADMINISTRATION PROPER.—Further administration should not be granted unless there still remains property of the estate not fully disposed of or some act to be done relating to the estate which only an administrator can do.

DESCENT AND DISTRIBUTION—TITLE OF HEIRS AND DEVISEES—DECREE OF DISTRIBUTION.—Heirs and devisees take at once by inheritance or

by the terms of the will; their title does not originate in the decree of distribution, although the decree when it has become final constitutes a muniment of title which will prevail over contrary provisions of the will or of the statutes of descent.

VOLUNTARY DISTRIBUTION—ESTOPPEL.—Where heirs and devisees and all parties in interest have assumed to divide the estate, and their division has been acquiesced in for many years and everything necessary to complete administration has been done except the formal decree of distribution, a court is not required to grant letters for the mere purpose of determining anew the proper distribution of the estate on the request of one claiming under a devisee who had many years before been party to a voluntary distribution of which he had without objection received and retained the benefits.

RES JUDICATA—ORDER DENYING DISTRIBUTION.—An order which has been in force many years, reciting that various previous orders approving and settling accounts and directing and confirming distribution of the estate from time to time, had become final and conclusive and that final and complete distribution of an estate has been made, declaring that no decree of distribution will be made other than one confirming the distribution already made, is not a mere opinion, but an order "refusing the distribution" of an estate upon the ground that the estate has been fully distributed, and such order having been appealed from, became final and conclusive on all parties in interest.

APPEAL from an order of the Superior Court of Los Angeles County denying application for appointment of administrator. James C. Rives, Judge.

The facts are stated in the opinion of the court.

J. Mack Love, Joseph F. Devin, A. F. Campbell, Hahn & Hahn, and J. E. Hannon, for Appellant.

G. R. Freeman, for Respondents.

E. W. Freeman, *Amicus Curiae.*

SLOSS, J.—Beatrice Arnaz Y. de Johnson appeals from an order of the superior court of Los Angeles County denying her application for the appointment of an administrator, with the will annexed, of the estate of Bernardo Yorba, deceased. The order in question recites that all the debts of the deceased and all the costs of administration have been paid; that the

accounts of the executors have been approved and allowed; "that the residue of the property belonging to said estate has been partitioned, and distributed to those entitled thereto, according to law; that there is no necessity for any further administration." If these recitals (or findings, as they may be termed) were warranted by the evidence, the application was rightly denied. Where an estate has been finally settled and distribution made, further letters of administration should not be issued "unless there still remains property of the estate not fully disposed of, or some act to be done relating thereto which only an administrator can do." (*O'Brien* v. *Nelson,* 164 Cal. 573, [129 Pac. 985].)

Bernardo Yorba, the decedent, had departed this life more than sixty-five years before the appellant's petition for letters was filed. He died, testate, in November, 1858. His will was duly admitted to probate in the probate court of Los Angeles County on December 20, 1858. The very voluminous record before us shows numerous proceedings had in the matter of the estate. These culminated, on November 17, 1873, in an order of the said probate court settling the accounts of the executors, and granting them a discharge. This order recited, among other things, "that all the property of said estate has been distributed to the persons entitled, from time to time under the orders of this court, and that no property of said estate now remains in the hands of said executors, and . . . that all the debts and expenses of administration of said estate have been paid." It appears that, upon the death of Bernardo Yorba, those claiming under his will went into possession of the real and personal property left by him. Whether by voluntary agreement or in pursuance of decrees made in partition suits which affected different portions of the property, the devisees and legatees received in separate use and enjoyment the whole of said estate. Either in person or through their successors in interest they have ever since remained in such possession and enjoyment.

The ground upon which the appellant bases her demand that an administrator should, after the lapse of all these years, be appointed is that there has never been any valid proceeding closing and distributing the estate. It is contended that the order of 1873 was not such a proceeding, for the reasons, among others, that it was not based upon a petition for distribution, nor was it preceded by the notice which, under the

statutes then in force, was necessary to vest in the probate court jurisdiction to order the distribution of an estate.

The appellant herein is the daughter of one of the sons of Bernardo Yorba, and claims under her father. He, it appears, was one of the devisees who took a portion of the estate in severalty, and enjoyed its possession and use until he granted it to others. Under our system of law, the property of a decedent passes, upon his death, to his heirs or devisees. They take at once by inheritance, or by the terms of the will. Their title does not originate in the decree of distribution, although such decree, when it has become final, constitutes a muniment of title which will prevail over contrary provisions of the will or of the statutes of descent. Where, as here, the heirs and devisees have assumed to divide the estate among themselves, and their division has been acquiesced in and acted upon for many years by all parties in interest, we think they and their successors should be held estopped to question the validity of the disposition thus made, or to surround with doubt and confusion the claims of ownership based upon their own voluntary acts, long unquestioned and relied upon. In the present case, everything necessary to the complete administration of the estate had been regularly done, with the exception of the formal decree of distribution. The will had been admitted to probate, due notice to creditors had been given, all debts and expenses of administration had been paid, and the accounts of the executors had been settled. We think the court was not required to grant letters for the mere purpose of determining anew the proper distribution of the estate, when the request was made by one claiming under a devisee who had, many years before, been a party to a voluntary distribution of the estate, and who had, without objection, received and retained the benefits of such distribution.

But if this position be open to question, the order appealed from may be sustained upon more technical grounds. The record shows that in July, 1896, Vicente Yorba, a son of the decedent, filed his petition to be appointed administrator with the will annexed. On August 4, 1896, the court made its order granting letters to said petitioner, who duly qualified and acted as such administrator until his death, which occurred in 1903 or 1904. In July, 1897, the administrator filed a petition for final distribution of the estate, and notice of the time set for the hearing of said petition was duly given. One

A. Bila, claiming to be entitled to one-third of the estate, filed a petition asking for the distribution of such share to him.    Various parties claiming the ownership of portions of the estate filed answers, opposing any distribution upon the ground that the estate had been finally closed by the proceedings of November, 1873, above referred to.    These petitions, with the oppositions thereto, came on duly for hearing, and on March 12, 1900, the judge of the superior court filed, and caused to be entered in the minutes, the following paper, thus indorsed: "Opinion—Order":

"This is an application for a general distribution of said estate.    A. Bila petitions for a distribution of one-third thereof to him

"I think that the various orders approving and settling accounts, and directing and confirming distribution of the estate made from time to time in the course of the proceedings had therein have become final and conclusive; and that final and complete distribution of the estate has been made to those entitled thereto.

"The petition of A. Bila is denied, as is also the application for attorney's fees.    Findings and decree will be signed accordingly.    But no decree of distribution will be made other than one confirming the distribution already made herein.

"Such a decree is unnecessary, but may be effectual to dispose of the questions that have been raised upon these applications."

The appellant contends that this paper is a mere opinion, showing upon its face that the court contemplated some further action, which should constitute its formal decision or order.    If this be the right construction of the document, it did not, of course, constitute a judicial determination binding either upon the court or the parties.    An "opinion" is the informal expression of the views of the court, and cannot prevail against its final order or decision.    (*Montecito Valley Co.* v. *Santa Barbara*, 144 Cal. 578, 595, [77 Pac. 1113]; *Estate of Spreckels*, 165 Cal. 597, 606, [133 Pac. 289].)    But the paper above quoted is quite different from those under consideration in the cases just cited.    While it possesses some of the characteristics of an opinion, it was evidently intended by the court to be more than that.    It was framed in such manner as to express not only the views of the court on the legal questions presented, but a judicial determination of

those questions. The manner in which it was indorsed ("Opinion—Order") is one indication of its dual purpose. Taking the paper as a whole, it should, we think, be construed as an order denying the application for distribution, together with a statement of the ground for such denial, viz., "that final and complete distribution of the estate has been made to those entitled thereto." The several sentences referring to the signing of findings and decree, while not entirely clear, convey the idea that the judge deemed no decree of any kind to be required, but that he was willing, if the parties should consider it necessary for the protection of their interests, to make a confirmatory decree. No such decree was ever made, and the parties apparently treated the paper thus signed and entered upon the minutes as a final disposition of the proceeding for distribution. This view is confirmed by the circumstance that the record contains a copy of a notice, given by the attorneys for the administrator, that they would move the court "to modify its decision heretofore announced. . . . " Nothing further appears to have been done with this motion.

We have, then, a proceeding duly brought before the court by notice binding everyone interested in the estate, and having for its object a distribution of the estate. This proceeding was terminated by an order denying distribution upon the ground that the estate has been fully distributed. An order "refusing the distribution of an estate" is, and was at the time this order was made, the subject of an appeal. (Code Civ. Proc., sec. 963.) No appeal was taken, and the order of March 12, 1900, refusing distribution of the estate, has become final and conclusive upon all parties in interest. As to those parties, it constitutes a final adjudication that the estate has been fully distributed, and that no further distribution should be had. It follows that there was, in contemplation of law, no estate to be administered, and that the petition for the appointment of an administrator with the will annexed was properly denied.

The order is affirmed.

Shaw, J., and Victor E. Shaw, J., *pro tem.*, concurred.

Hearing in Bank denied.