[Civ. No. 2447. Second Appellate District, Division One.—December 5, 1919.]

R. G. TRYON et al., Copartners, etc., Respondents, v. C. N. CLINCH et al., Defendants; W. F. MARKHAM, Appellant.

[1] CONTRACTS—APPROVAL OF PROPOSAL AFTER PERFORMANCE OF WORK—SUFFICIENCY OF RATIFICATION.—Where, following the acceptance by the owners of a given interest in a tract of land of a written proposal to do certain street work, the work is done and the materials furnished, and thereafter the owner of the remainder of the tract approves such proposal by signing his name under the signatures of his co-owners after the word "accepted," such approval constitutes ratification of the preceding acts of such co-owners.

[2] ID.—RATIFICATION—NEW CONSIDERATION UNNECESSARY.—In case of ratification of a contract by a principal there need be no new consideration particularly referable to the doing of the act of ratification.

[3] ID.—UNNAMED PRINCIPAL—SUBSEQUENT RATIFICATION—LIABILITY. Where a principal is known but not named in an agreement, he cannot thereafter be held unless he ratifies the contract.

[4] ID.—FINDING OF DOUBLE LIABILITY—EFFECT OF.—A finding that the defendant agreed to pay his codefendants for certain work and also agreed to pay the plaintiffs therefor will not vitiate the finding as to the liability to the plaintiffs separately considered, particularly where the nature of the action is such that there is not and cannot be a judgment in favor of such codefendants.

[5] ID.—ACTION FOR WORK PERFORMED AND MATERIALS FURNISHED—RIGHT TO INTEREST.—In an action to recover the value of work

performed and materials furnished under a contract which the plaintiffs were prevented from performing, the plaintiffs' claim is unliquidated, and they are not entitled to interest from the date they ceased performance of the work under their contract.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Harlan G. Palmer and William J. Palmer for Appellant.

Albert J. Sherer and Robert Young for Respondents.

JAMES, J.—This is an appeal taken by defendant Markham from a judgment entered in favor of the plaintiffs after second trial of the cause. The first judgment was brought here by appeal of the same defendant, the case being reported in 32 California Appellate Reports, at page 150, under the same title.

The action was brought by the plaintiffs to recover for the value of work done and materials furnished in the laying out and improvement of a certain street or roadway. The facts are that appellant and his codefendants Clinch and See were severally the owners of certain portions of a tract of land; about two-thirds of it belonged to appellant, and the other defendants held an equitable title to the remainder. Under this condition of ownership, appellant conferred with Clinch and See and together they determined that it would be advisable to construct a street through the tract. Clinch or See agreed to look up a contractor, and did this. However, before any contract was made, the appellant was called east. Before going, he consulted further with Clinch and See and left the matter of arranging for the street improvement work with them. About this time, or shortly thereafter, the plaintiffs addressed a written proposal to Clinch and See in which terms were expressed for the doing of the work, and Clinch and See indorsed the same under the word "Accepted." We gather that they retained this letter in their possession, but gave notice to plaintiffs of their acceptance of the proposal and the plaintiffs proceeded to do the work agreed upon. A completed job, as the contract described the work, was not done for the rea-

son that the plaintiffs were interrupted through the acts of the defendants. These acts culminated in the street being offered and received for dedication by the city of Los Angeles prior to the completion of the work. Under the city specifications the work, as contracted for, could not be completed in the manner specified by the parties in their agreement. Not being permitted by the city, because of the acts of the defendants, to proceed with the work, plaintiffs sought to recover the value of that already done and performed; hence this suit. All of the work for which compensation was claimed had been done and materials furnished prior to the time that appellant returned from his eastern trip. Upon his return report was made to him by Clinch and See of the agreement entered into and he, at their suggestion, signed his name upon the written proposal theretofore made by plaintiffs and under the signatures of his codefendants after the word "Accepted." At the first trial the court entered judgment for the full amount against the three defendants. Upon the appeal this court determined that under the facts shown Clinch and See, assuming that they acted as agents of Markham, had only authority to bind him to such a proportion of the whole contract price as his proportion of the tract bore to the whole amount thereof. A reversal was accordingly ordered. Upon the second trial the court apportioned the recovery in accordance with the views expressed in the opinion in the former case. Appellant is once more here urging that the judgment be reversed.

[1] Preliminarily it may be stated that there was ample evidence to support the conclusion that it was the intention of appellant, prior to his departure for the east, to authorize Clinch and See to act for him in the matter of contracting for the street work, although this fact is immaterial if it appear that appellant with full knowledge appended his signature to the letter of proposal after he returned from the east. This, of course, assuming that such act was sufficient to show ratification of the preceding acts of Clinch and See. That the approval of the proposal so expressed by Markham constituted a sufficient ratification of the contract, we have no doubt. The doctrine of ratification is especially applicable to cases where the original act of the pretended agent was unauthorized. Mr. Mechem, in his

work on Agency, volume 1, second edition, paragraph 348, and in the paragraphs following, announces the general rule governing the application of the doctrine, which we need not here restate, for it is of an elementary kind. [2] We may make the added remark, however, that in case of ratification of a contract by a principal there need be no new consideration particularly referable to the doing of the act of ratification.

It appeared in evidence that at the time the written proposal was addressed to Clinch and See the plaintiffs had knowledge of the interest of Markham in the tract of land, but not knowing his initials did not insert his name in the proposal. Taking this fact as a basis, appellant argues that there could then be no ratification because, where a contract is made omitting the name of a known principal, the latter cannot thereafter be held, citing *Ferguson* v. *McBean,* 91 Cal. 63, [14 L. R. A. 65, 27 Pac. 518]. [3] That case was not one involving ratification at all, and it is a better statement of the law to say that, where a principal is known but not named in an agreement, he cannot thereafter be held unless he *ratifies* the contract. The text-book on Agency to which we have referred, we think, sufficiently announces this rule, which is sustained by authorities therein cited.

In one of its findings the court used this language: "But the said defendant Markham signed the said instrument as evidence of an agreement made between said defendant Markham and the said defendants Clinch and See whereby the said defendant Markham agreed to pay the said defendants Clinch and See such proportion of the costs of improving Morning Gate court as the frontage owned by the defendant Markham upon said Morning Gate court would bear to the entire frontage thereupon; and the said defendant Markham also signed said instrument in ratification of and as evidence of a ratification of a contract entered into between the plaintiffs herein and the said defendants, Clinch and See, by which the said defendant Markham was to pay the plaintiffs said proportion of the costs of said work."
[4] Appellant complains that an inconsistent condition of fact is presented by the finding in that it is found both that appellant agreed to pay Clinch and See and also agreed to pay the plaintiffs. We do not think that the finding as to a double liability vitiates the finding as to the liability

to the plaintiffs separately considered. There was and could have been no judgment in this case in favor of Clinch and See against the appellant; hence the court's determination of any liability existing on the part of appellant toward Clinch and See would not be an adjudication of that question and, therefore, a matter about which appellant cannot be here concerned. A similar observation might be made as to some other of the general findings made by the court. The general finding that the service, work, and labor were performed on account of defendants and were furnished to and for defendants was explained and modified in the subsequent findings which showed the proportions of the liabilities assumed. Appellant did not deny that he had indorsed the proposal after the word "Accepted," his whole contention apparently being that by so doing he became liable to Clinch and See and not to the plaintiffs, who were proposing to do the work. Under the pleadings and evidence shown in the record, we are satisfied that the main judgment, as made by the court, is fully supported, and that no errors have been pointed out sufficient to require a second reversal being ordered in the controversy. [5] A modification, however, of the judgment is necessary. The court, in making up its judgment, included therein interest on the amount found to be due at legal rate from the date when the plaintiffs ceased in their performance of the work under their contract. We have before noted that they were prevented from fully completing the contemplated work in the manner agreed, because of the act of defendants; hence their claim at that time was unliquidated, and, we think, not one which would fall within the class described in section 3287 of the Civil Code, which provides for an allowance of interest on unpaid claims. The case cited by appellant, to wit, *Cox* v. *McLaughlin,* 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100], is in point, and under that authority the interest should not have been allowed.

The judgment appealed from is modified by striking therefrom all allowance to the plaintiffs of interest on the principal sum found to be due to the plaintiffs from appellant; as so modified the judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1920.

All the Justices concurred.