[Civ. No. 4019.    First Appellate District, Division Two.—November 18, 1921.]

GEORGE U. HIND et al., Copartners, etc., Respondents, v. THE UCHIDA TRADING CO., LTD. (a Corporation), Appellant.

[1] PARTNERSHIP — TRANSACTION UNDER FICTITIOUS NAME — PUBLICATION OF CERTIFICATE—ACKNOWLEDGMENT.—Under section 2468 of the Civil Code, it is not necessary to publish the acknowledgment contained on a certificate of a partnership transacting business under a fictitious name.

[2] ID.—DESTRUCTION OF FILED CERTIFICATE—ACKNOWLEDGMENT—PRESUMPTION.—Where the original certificate of a partnership filed in the office of the county clerk has been destroyed by fire, it will be presumed, in the absence of evidence to the contrary, that such certificate contained an acknowledgment, although the copy introduced in evidence contains no acknowledgment.

[3] CONTRACT—RECOVERY OF OVERPAYMENTS—CONFLICT OF EVIDENCE—FINDING—APPEAL.—Where the evidence on an issue as to the right

----

3. Recovery of voluntary payments, notes, 50 Am. Rep. 139; 94 Am. St. Rep. 408.

of recovery of alleged overpayments under a written contract presents a clear conflict, the finding cannot be disturbed on appeal.

[4] ID.—INTEREST—TIME.—Where there is no dispute as to the amount of overpayments, but only as to the right of recovery, interest is allowable in the event of recovery from the dates of such payments.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Crabbe, Webster & Mayer for Appellant.

Ira S. Lillick for Respondents.

NOURSE, J.—Plaintiff sued on a complaint setting forth two causes of action: (1) An action for money paid to defendant under a mistake; and (2) a common count for money had and received. Judgment was given plaintiffs in the sum of $2,520 and defendant appeals. The judgment is attacked upon the ground that the evidence is insufficient to support the findings. Error is also assigned in the admission of certain evidence and in the denial of the motion for a new trial.

As to the sufficiency of the evidence, two assignments require consideration: (1) the finding on the question of respondents' legal capacity to sue, and (2) the finding that the money was inadvertently paid to appellant.

As to the first, the complaint alleged compliance with the provisions of sections 2466 and 2468 of the Civil Code. This was denied by the defendant. An affidavit showing a publication of the certificate with the county clerk's filing mark thereon was received in evidence. No objection was made to the proof of publication and it may be taken for granted that this was a full compliance with the terms of the statute. It is, however, argued that the certificate itself is insufficient because it does not show an acknowledgment, and also that it was not shown to have been filed. The proof was that the original certificate was filed in the office of the county clerk of San Francisco in 1898 and that the original was destroyed in the fire of 1906. [1] It is true that the copy of the certificate which was offered in evi-

dence did not contain the acknowledgment by the parties. It was not necessary that it should do so for the purposes of publication as the acknowledgment is no part of the certificate and the certificate alone is required to be published under section 2468. **[2]** Proof might well have been offered that the original certificate was duly acknowledged, but in the absence of any evidence to the contrary the trial court was justified in invoking the presumption that the county clerk regularly performed his duty and that, therefore, he did not accept for filing a certificate which was not acknowledged as required by the code.

**[3]** As to the finding on inadvertent payment, the evidence presents a clear conflict which the trial court was called upon to determine. The finding of the court on that issue cannot be disturbed upon appeal. The case of respondents was that, having entered into a written contract with appellant for the purchase of a large quantity of tin plate, they had paid four separate invoices on the request of appellant before they discovered that these invoices included charges for extras which they claim were included in the contract price. Their protest and demand for the return of these overpayments was refused by appellant and it is these overpayments which are the subject matter of this litigation. The contract contained specifications that the boxes in which the tin plate was to be packed should be tin lined and strapped for export. The price was designated as "$9.60 per base box (112 sheets—14x20—100 lbs.) Cost, Insurance and Freight to Kobe, Japan." The dispute between the parties arose over the question whether cost, insurance, and freight to Japan included the cost of tin lining and strapping specified in the contract, or whether the seller was entitled to charge extra for that work. That the contract was uncertain in this respect admits of no doubt. The trial court received evidence for the purpose of ascertaining the intention of the parties. This evidence was in conflict and the trial court resolved the doubt in favor of respondents. No error was committed by the trial court in receiving this evidence and appellant could not have been taken by surprise when it was admitted.

As to the denial of appellant's motion for a new trial it is sufficient to say that the showing on the motion

added nothing to what had been before the court at the trial, and no error was committed in this respect.

[4] Appellant also attacks that portion of the judgment which allows interest on the amounts recovered from the date of the so-called overpayment. There had never been any dispute as to the amounts of these respective payments and ·this was admitted at the time of the trial. The only dispute between the parties was whether the amounts so paid were due. "The general rule is that interest is allowable from the time the sum in suit becomes due if the same is certain or can be made certain by mere calculation." (*Gray* v. *Bekins*, 186 Cal. 389 [199 Pac. 767].)

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied January 16, 1922.

All the Justices concurred.