[Civ. No. 5700. Second Appellate District, Division One.—October 31, 1929.]

GEORGE H. SHELLENBERGER, Respondent, v. L. L. BAKER, Appellant.

Fickeisen & Richardson and J. E. Haley for Appellant.

McAdoo, Neblett, O'Connor & Clagett and B. H. Neblett for Respondent.

HOUSER, J.—Defendant L. L. Baker appeals from a judgment rendered against him and Charles L. Hoffman in an action for the reasonable value of legal services.

The first point presented by appellant is that the evidence was insufficient to sustain the finding of fact made by the trial court to the effect that, at the special instance and request of appellant and his co-defendant, plaintiff performed the services which are the basis of the action. It would serve no useful purpose to set forth the evidence adduced on the trial relative to the finding in question. Suffice it to say that, in the judgment of this court, the evidence was ample to sustain the finding to which objection is made.

In his complaint plaintiff demanded judgment against the defendants for the sum of $1100. Prior to the trial, and in accordance with a demand made upon him by the defendants, plaintiff furnished to the defendants a bill of particulars of his claim, wherein, as a part thereof, was recited the item: "To 5 conferences, trip to Long Beach with Barton and English, counsel and retainer, $500.00." The total of plaintiff's claim against the defendants, as shown by the bill of particulars, amounted to $1150.25. At the conclusion of the trial, in discussing the evidence the trial judge made the following comment: " . . . However,

there is nothing here, to my mind, that would warrant the assumption and there is no proof whatever that Mr. Shellenberger was retained by any retainer fee. There was nothing of that kind at all. That item of $500, therefore, will be taken out. There is nothing to sustan that, but there is as to the remainder. After taking that item out, my judgment will be for the sum of $650. Let the judgment be entered.''

Appellant contends that, in view of the fact that the action was brought for the sum of $1100, which according to the bill of particulars (showing a total of $1150.25) included the item of retainer fee, $500, and since in orally discussing the evidence that item was disallowed by the trial court, the judgment should have been for $600, instead of $650 as rendered. However, on examination of the record herein it is noted that in regard to the value of the services performed by plaintiff ''at the special instance and request of the defendants,'' the findings of the court are that ''said services were and are of the reasonable value of $650,'' for which amount, together with interest and costs, judgment was rendered.

In the case of *Montecito Valley Water Co.* v. *City of Santa Barbara*, 144 Cal. 578, 595 [77 Pac. 1113, 1119], a question somewhat similar to that here involved was presented to the court. Therein it was said:

''The trial court filed a paper which it entitled its 'Opinion,' the views expressed in which were somewhat modified when the formal findings of the court were subsequently prepared, signed and filed. At the time that the opinion was presented, the court entertained the view that an amount of water in excess of 4.61 inches—namely 6 inches of water—was abstracted by the city tunnel, and plaintiff insists that the amount so declared should control, and that this *opinion,* should be treated as the *findings of the court.* The position, however, is untenable. The opinion was no more than its name imports,—the informal views of the court, subject to future modification after argument, which was actually had, *the legal expression of those views being found, as only properly they could be found, in the formal findings of fact and conclusions of law. (Byrne* v. *Hoag,* 116 Cal. 1 [47 Pac. 775]; *O'Brien* v. *O'Brien,* 124 Cal. 422 [57 Pac. 225].)''

To the same effect, see *Estate of Yorba,* 176 Cal. 166, 170 [167 Pac. 854]; *Estate of Spreckels,* 165 Cal. 597, 606 [133 Pac. 289].

Under the foregoing authorities the ruling here must follow that as to the principal amount the findings and the judgment are conclusive.

Appellant also contends that the trial court erred in awarding interest to plaintiff at the rate of seven per cent per annum on the sum of $650 from the date of the termination of the services rendered by plaintiff to defendants.

Perhaps the leading case in this state on the question thus presented is that of *Cox* v. *McLaughlin,* 76 Cal. 60 [9 Am. St. Rep. 164, 18 Pac. 100]. It is there held that: "In an action to recover the reasonable value of services performed by the plaintiff, the amount, character and value of which can only be established by evidence in court, or by an accord between the parties, and which are not susceptible of ascertainment either by computation or by reference to market rates, the plaintiff is not entitled to interest prior to verdict or judgment."

To the same effect, see *Swinnerton* v. *Argonaut L. & D. Co.,* 112 Cal. 375 [44 Pac. 719]; *Macomber* v. *Bigelow,* 123 Cal. 532 [56 Pac. 449].

In the case of *Erickson* v. *Stockton & Tuolumne County R. R. Co.,* 148 Cal. 206 [82 Pac. 961], it is held that interest is not recoverable on an unliquidated claim for the value of services rendered even from the time of the commencement of the action.

See, also, *Gray* v. *Bekins,* 186 Cal. 389 [199 Pac. 767]; *Tryon* v. *Clinch,* 44 Cal. App. 629 [186 Pac. 1042]; *Hind* v. *Uchida Trading Co.,* 55 Cal. App. 260 [203 Pac. 1028]; *Arocena* v. *Sawyer,* 60 Cal. App. 581 [213 Pac. 523]; *Diamond Match Co.* v. *Aetna Casualty etc. Co.,* 60 Cal. App. 425 [213 Pac. 56]; 8 Cal. Jur. 789, 790, 796, and cases there cited.

Since the decision was rendered in the case of *Erickson* v. *Stockton & Tuolumne County R. R. Co.,* 148 Cal. 206 [82 Pac. 961], section 1917 of the Civil Code has been repealed. Respondent has directed the attention of this court to no authority which would authorize the trial court in an action of this kind and in the circumstances here present to award

interest from the date of the termination of the services of the plaintiff. The judgment should be and hereby is modified by striking therefrom the item by which interest was allowed on the principal sum of $650 "from the 19th day of January, 1925, at the rate of 7% per annum, or $92.00." As thus modified the judgment is affirmed.

Conrey, P. J., and York, J., concurred.